Carl BUTLER, a/k/a Carl Butler, Jr., Carl L. Davis, Appellant,

v.

UNITED STATES, Appellee.

No. 11274.

District of Columbia Court of Appeals.

Submitted April 3, 1978.

Decided June 23, 1978.

Felicia Dubrovsky, Washington, D. C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George and Percy H. Russell, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KERN, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge:

Appeal is taken from the July 22, 1976 denial of appellant's pro se motion to vacate sentence. Appellant had been the subject of a multiple count burglary and larceny indictment returned on April 20, 1972. Pursuant to negotiations with the government, appellant pleaded guilty on June 2, 1972 to one count of second-degree burglary. The government dismissed the remaining counts. Sentencing was set for July 14, 1972. In the interim, appellant communicated to the trial court his desire to be sentenced under 18 U.S.C. § 4253 (1970), the Narcotic Addict Rehabilitation Act (NARA). On July 14, appellant was ordered committed to the federal correctional facility at Danbury, Connecticut to determine if he was an appropriate subject for rehabilitation under the Act.

Final sentencing took place on October 6, 1972. The trial court was by then in receipt of a report from authorities at Danbury recommending appellant's extended commitment there for treatment of his narcotics addiction problem. The report was accompanied by a waiver, signed by appellant, expressing his wish not to be returned to Washington, D. C. for final sentencing if, and only if, he were sentenced under the NARA. The trial court sentenced appellant, in his absence, for an indeterminate period under the NARA not to exceed ten

years. Appellant was released from the NARA program in 1975.[1]

Appellant's pro se motion under D.C.Code 1973, § 23–110 to vacate the October 6, 1972 sentence advanced two arguments, reasserted for our consideration. First, appellant maintains that he was denied the opportunity to allocute[2] at what may be considered the first stage of sentencing, held July 14, 1972. He says the record fails to reflect his presence in court at that time.[3] Second, appellant argues that he was denied the opportunity to be present at final sentencing on October 6, 1972.[4] He says, in this connection, that his signed waiver of presence was ineffective. For the reasons which follow, we affirm the trial court's denial of appellant's motion to vacate sentence.

■ At the threshold, we note that appellant filed his notice of appeal on August 3, 1976, twelve days following the denial of his motion. Appellant requests that we treat the filing as timely because the motion was pro se. The government does not contend otherwise, and says that we may exercise jurisdiction in this case under the exception to the strict application of the ten-day rule recognized in *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). In that case, petitioner was confined to a prison hospital, had no legal counsel, and was permitted no visitors. His notice of appeal was timely presented to prison authorities. Their failure to act resulted in late filing of the notice. The Court reversed the judgment of the court of appeals and remanded for consideration of the appeal on the merits, concluding that petitioner had done all in his power under the circumstances.

We have observed that *Fallen* created an exception, mandated by extraordinary circumstances, to our Rule 4 II(b)(1), under which untimely appeal precludes our assertion of jurisdiction. *Brown v. United States*, D.C.App., 379 A.2d 708 (1977). In *Fallen*, petitioner's sickness and isolation, and his timely handing of his notice of appeal to prison authorities, weighted the equities in favor of asserting jurisdiction over his direct appeal. In the instant case, the situation is much less compelling, both because the record reflects neither appellant's sickness nor his isolation, and because the instant appeal is collateral rather than direct. Nevertheless, appellant, like Fallen, was incarcerated and without counsel when he noted his appeal, and we will excuse his tardiness of 48 hours. We emphasize, however, that in doing so, we extend *Fallen* to its outer limit. We reiterate our holding in *Brown v. United States, supra,* that the ten-day rule is jurisdictional, and that *Fallen* permits departure under only the most compelling of circumstances.

■ Turning to the merits of this appeal, the law is clear, as appellant asserts and the rules reflect, that a defendant must be present at the time sentence is imposed and must be afforded the right of allocution, e. g., *United States v. Behrens*, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963); *United States v. Curtis*, 173 U.S.App.D.C. 185, 523 F.2d 1134 (1975); Super.Ct.Cr.R. 32; Super. Ct.Cr.R. 43. In *Curtis,* the court of appeals said:

1. Appellant was subsequently arrested on new charges, and pleaded guilty to one count of grand larceny and two counts of petit larceny on March 9, 1976. He received 18 months to 9 years on the grand larceny charge, and concurrent 9-month terms for the petit larcenies. The trial court recommended that sentence be served at Danbury. Appeal is pending in this court. *Carl Butler, Jr. v. United States,* No. 12420.

2. Super.Ct.Cr.R. 32(c)(1) states:
    Before pronouncing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he

wishes to make a statement in his own behalf and present any information in mitigation of punishment.

3. The government does not concede appellant's absence from court on July 14, 1972. It asserts that his presence is readily inferable from the record. The record compels no such inference, and for purposes of this opinion, appellant's absence and his concomitant inability to allocute are assumed.

4. Super.Ct.Cr.R. 43(a) states: "The defendant shall be present at . . . the imposition of sentence."

The requirement that the defendant be present when sentence is passed has deep common law origins. It not only serves the defendant's interest by facilitating allocution, but the state has an independent interest in requiring a public sentence in order to assure the appearance of justice and to provide a ceremonial ritual at which society pronounces its judgment. [*Id.* at 186, 523 F.2d at 1135 (citation omitted).]

■■■ Fatal to appellant here, however, is the doctrine that non-compliance with the formal requirements of a rule of criminal procedure is not collaterally reviewable,[5] unless the claimed error of law was "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1973); *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

*Hill* is particularly instructive for instant purposes. There, petitioner had been denied in federal district court the right to allocute before he was sentenced. Five years later, he moved under 28 U.S.C. § 2255 (1970) to vacate the sentence because of the trial court's failure to comply with Rule 32(a). The Court held that failure to follow the formal requirements of Rule 32(a) was not of itself an error subject to collateral attack. The Court observed:

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." [*Id.* at 428, 82 S.Ct. at 471 (citations omitted). *Accord, Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). *See McGautha v. California,* 402 U.S. 183, 220, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971); *Hargett v. United States,* D.C.App., 380 A.2d 1005 (1977).]

■ We hold that *Hill* controls appellant's Rule 32 argument. We observe, however, that it did not address the question of collateral reviewability of Rule 43 claims. The government maintains that since *Hill* clearly makes noncompliance with the formal requirements of Rule 32 collaterally unreviewable, absent extraordinary circumstances, and since the only significant personal interest lost to a defendant by not being present at sentencing in violation of Rule 43 is the opportunity to exercise his Rule 32 right of allocution, it follows that noncompliance with Rule 43 will likewise not support a collateral attack absent a fundamental error and resultant miscarriage of justice. We agree and hold that *Hill* and its progeny are dispositive of appellant's Rule 43 claim.

In the instant case, the record renders frivolous any contention that appellant's absence from court at allocution and sentencing resulted in a complete miscarriage of justice. *Davis v. United States, supra,* 417 U.S. at 346, 94 S.Ct. 2298; *Hill v. United States supra,* 368 U.S. at 428, 82 S.Ct. 468. Appellant received the sentence he had requested in his July 2, 1972 letter to the trial court. Indeed, at final sentencing on October 6, 1972, appellant's attorney appeared and reiterated that appellant wished to be sentenced in absentia under the NARA. Appellant has not sustained his burden for purposes of obtaining collateral review. The trial court's denial of appellant's motion is

*Affirmed.*

MACK, J., concurs in the result.

---

5. *Cases* so holding have dealt with collateral attacks under 28 U.S.C. § 2255 (1970), the federal habeas corpus statute. Our rule, D.C. Code 1973, § 23–110, is nearly identical and functionally equivalent to § 2255, and we may therefore rely on cases construing the federal rule.