John **WILLIAMS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 13844.

District of Columbia Court of Appeals.

Submitted Sept. 21, 1979.

Decided Nov. 26, 1979.

M. Elise Haldane, Washington, D. C., appointed by the court, was on brief, for appellant.

Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the brief was filed, and John A. Terry, Peter E. George, and Jay B. Stephens, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before NEBEKER, HARRIS and PRYOR, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from an order denying, without a hearing, appellant's pro se motion to vacate his sentence pursuant to D.C.Code 1973, § 23–110. The appellant alleged that his guilty plea was induced by promises made to him by his counsel regarding his sentence and that the plea proceedings were deficient in a material way. In view of the trial court's failure to conduct an inquiry of the appellant during the plea proceedings as mandated by Super.Ct.Cr.R. 11, and the allegation as to a promise made by defense counsel, the record does not conclusively show that appellant is not entitled to relief. Consequently, the trial court erred in denying the motion to vacate, and the case must be remanded for a hearing on the allegation.

On February 25, 1977, appellant entered a plea of guilty to one count of assault with a dangerous weapon, D.C.Code 1973, § 22–502. In addition, he entered a plea of guilty to one count of petit larceny, D.C.

Code 1973, § 22–2202. These pleas were accepted by Judge Block and appellant's bond ($50.00) was continued to April 20, 1977, for sentencing.

On April 12, 1977, the appellant entered another plea of guilty to a misdemeanor charge of failure to appear, D.C.Code 1973, § 23–1327. This plea was accepted by Judge McIntyre and the case certified, pursuant to Super.Ct.Cr.R. 105, to Judge Block for sentencing. On May 10, 1977, the appellant appeared before Judge Block and entered yet another plea of guilty to one charge of petit larceny. At that time he was sentenced to imprisonment for all of the offenses as follows: two to six years for the assault with a dangerous weapon; one year for the petit larceny to run consecutively to the sentence for the assault with a dangerous weapon; and one year each for the second petit larceny charge and the failure to appear violation to run concurrently with each other and with the previous sentences.

On September 6, 1977, the appellant filed, through new counsel, a motion for reduction of sentence, which was denied by the court on September 26, 1977. He then filed a pro se motion to vacate, set aside or correct sentence pursuant to D.C.Code 1973, § 23–110.[1] The appellant's § 23–110 motion was accompanied by an affidavit which alleged in part: (1) that appellant's attorney, at the time of entry of the plea to the assault and first petit larceny charges, "promised him that if he would plead guilty to the ADW charge . . ., he would get probation based on the fact excluding the ADW charge, appellant had a clean record"; (2) that the appellant had been instructed by his attorney "to merely answer 'yes' to all questions so as not to intimidate the judge"; (3) that "excerpts from the plea proceeding transcript . . . clearly show that not every aspect of the plea agreement was fully explored *promises by anyone* (including petitioner's lawyer) as regard to *sentence* . . . "; and (4) that

---

1. Note that D.C.Code 1973, § 23–110's provisions are essentially identical to the provisions of 28 U.S.C. § 2255 (1970).

"the sole motivating factors behind his plea were the promises made by his attorney."[2]

The court, in denying the appellant's motion gave three reasons: (1) over a year had elapsed between entry of the guilty plea and the D.C.Code 1973, § 23–110 motion; (2) the allegations were not raised either at sentencing or in the appellant's motion to reduce sentence; and (3) the allegations were too vague and conclusory to warrant a hearing.

■ The appellant is not barred from bringing the § 23–110 motion because of the one-year lapse of time between the guilty plea and the motion. Section 23–110(b) specifically provides that "a motion for such relief may be made at any time."[3] In addition, the bar against successive motions for similar relief (§ 23–110(e)) is not triggered by resort to a motion for reduction of sentence. "[A] motion for reduction of sentence is basically a 'plea for leniency'." *Walden v. United States*, D.C.App., 366 A.2d 1075, 1077 (1976); *Poole v. United States*, 102 U.S.App.D.C. 71, 76, 250 F.2d 396, 401 (1957). A motion to reduce sentence is "wholly inadequate to test the propriety of allowing a guilty plea to stand." *Id.* The record shows that, in fact, the appellant's motion was asking the court to reduce his sentence in light of his cooperation with the police in other investigations and his positive attitude and good behavior. It is conceivable that the appellant, and/or his attorney, may have felt that if the appellant was granted relief from a motion to reduce sentence, further motions would be unnecessary.[4]

The remaining issue is whether the appellant's allegations were vague and conclusory and consequently did not merit a hearing. *Pettaway v. United States*, D.C. App., 390 A.2d 981 (1978).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Consequently, a defendant cannot declare facts at a plea proceeding and later collaterally attack their truth with vague and conclusory allegations. *See Pettaway v. United States, supra* at 984. However, in the appellant's plea proceedings he was not personally asked whether his guilty plea was the result of any promises made apart from the plea agreement. Super.Ct.Cr.R. 11(d)[5] requires that before accepting a guilty plea the court do the following:

> [Address] the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty . . . results from prior discussions between the prosecutor and the defendant or his attorney.

In the instant case the court asked the appellant one question related to this line of inquiry: "You are entering these [pleas] because you are guilty and for no other reasons?" To which, appellant answered: "Yes, sir."

■ This one question falls short of the trial court's duty of personal inquiry mandated by Super.Ct.Cr.R. 11(d). In view of

---

**2.** We observe that the appellant does not challenge the plea proceedings conducted on April 12, 1977, by Judge McIntyre or those on May 10, 1977, before Judge Block. In addition, it is evident from the record that he had a different attorney on May 10 from his attorney at the plea proceedings for the assault charge on February 25, 1977.

**3.** *See, e. g., Pettaway v. United States*, D.C. App., 390 A.2d 981 (1978) (petitioner's motion filed twenty months after entry of plea); *Atkinson v. United States*, D.C.App., 366 A.2d 450 (1976) (petitioner's motion filed after this court had affirmed his conviction). A three-year hiatus did not preclude consideration of a § 23–

110 motion in *Hurt v. St. Elizabeths Hospital*, D.C.App., 366 A.2d 780 (1976).

**4.** However, the trial court may give some evidentiary weight to the lapse of time and failure to raise the issue in the previous motion in deciding the credibility of the appellant's present allegations. *United States v. Simpson*, 141 U.S.App.D.C. 8, 436 F.2d 162, 166, *cert. denied*, 414 U.S. 873, 94 S.Ct. 140, 38 L.Ed.2d 91 (1970).

**5.** This Superior Court Rule is similar to Rule 11 of the Federal Rules of Criminal Procedure.

the insufficient inquiry there are no substantial affirmations by the appellant in the plea proceedings against which to measure his later allegations. Contrast the appellant's proceedings to those of *Pettaway,* where the petitioner had been specifically asked "as to whether he had received any promise in exchange for his plea . . .." *Pettaway v. United States, supra* at 984; *see also Gregg v. United States,* D.C.App., 395 A.2d 36, 40 (1978); *Faulisi v. Daggett,* 527 F.2d 305, 310 (7th Cir. 1975). "The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known." *Santobello v. New York,* 404 U.S. 257, 261–62, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Here there is no assurance that the essence of any promises made to the appellant were made known to the court.

We hold that the record—particularly the plea proceeding transcript—does not effectively rebut the appellant's allegation that his plea was induced by promises made by his counsel. *See Gibson v. United States,* D.C.App., 388 A.2d 1214, 1217 (1978). The court's failure of inquiry in this regard has resulted in what Rule 11 was designed to prevent—a post-conviction attack, which on the basis of the record, cannot summarily be denied.[6] *Fontaine v. United States,* 411 U.S. 213, 215, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). The trial court's order denying the appellant's motion is vacated and the case is remanded for a hearing.

*Remanded for further proceedings.*

---

**6.** See the 1975 Advisory Committee note to Federal Rule 11 in respect to the purposes of subdivision (d) where it states: "By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he will also develop a more complete record to support his determination in a subsequent postconviction attack." 8 Moore's Federal Practice ¶ 11.01[4] (2d ed. 1978).