**James WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 14000.**

District of Columbia Court of Appeals.

Submitted Dec. 18, 1979.

Decided Feb. 22, 1980.

---

Nathan I. Finkelstein, Washington, D.C., appointed by the court, was on brief, for appellant.

Carl S. Rauh, U.S. Atty., Washington, D.C., at the time the brief was filed, and John A. Terry, William J. O'Malley, Jr., and Donald L. Golden, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before KERN, NEBEKER and FERREN, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from the trial court's summary denial of the appellant's pro se motion to vacate his sentence. D.C.Code 1973, § 23–110. The government moved to dismiss the appeal due to the appellant's failure to file a notice of appeal within ten days of entry of the order from which the appeal is taken. D.C.App.R. 4(II)(b)(1). We hold that the failure of the Clerk of the trial court to enter the date of the mailing of the notice of the order resulted in a suspension of the running of the time for the appeal until the date on which the appellant actually received the notice. On the merits of the appeal, the appellant seeks reversal on the basis that his guilty plea, pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), was involuntarily made. In the alternative, he urges that at least this court should remand the case for a hearing on his motion. We conclude that appellant's contentions are conclusory and belied by the files and records in this case. The trial court's denial of his motion without a hearing is affirmed. *Pettaway v. United States,* D.C. App., 390 A.2d 981 (1978).

### I

In a seven-count indictment on December 20, 1976, James J. Williams was charged with first-degree burglary while armed (D.C.Code 1973, §§ 22–1801(a), 22–3202), two counts of first-degree burglary (*id.* § 22–1801(a)), armed robbery (*id.,* §§ 22–2901, 22–3202), two counts of robbery (*id.,* § 22–2901), and an assault with a dangerous weapon (*id.* § 22–502). On May 25, 1977, appellant entered a guilty plea before Judge Doyle to one count of first-degree burglary while armed (*id.,* §§ 22–1801(a), 22–3202). On June 29, 1977, appellant was

sentenced to imprisonment for ten to thirty years; the sentence to run consecutively to any other sentence that he might be serving.

### II

■ We first address the issue of whether this appeal was timely filed. Judge Doyle denied the appellant's motion to vacate (D.C.Code 1973, § 23–110) on August 11, 1978. On September 3, 1978, this court received the appellant's pro se motion for leave to appeal in forma pauperis. Nothing of a similar nature was filed in the trial court.[1] In his motion, the appellant alleged that although the trial court order from which he was appealing was entered on August 11, 1978, he did not receive his copy until August 23, 1978. Chief Judge Newman granted the appellant's unopposed motion to appeal in forma pauperis on October 13, 1978.

■ An appeal must be filed ten days from entry of the judgment or order from which the appeal is taken. D.C.App.R. 4(II)(b)(1); *see also Butler v. United States,* D.C.App., 388 A.2d 883 (1978). The troublesome problem in this case is the event from which the ten-day period begins to run. D.C.App.R. 4(II)(b)(4) requires.

When a judgment or final order is entered or decided out of the presence of the parties and counsel, and without previous notice to them of the court's decision, such judgment or order shall not be considered as having been entered, for the purpose of computing the time for filing a notice of appeal or application for allowance of appeal, until the third day after notice thereof has been *mailed* to the parties or counsel by the Clerk of the Superior Court. The Clerk shall make an

---

1. D.C.App.R. 4(II)(b)(1) requires that the notice of appeal be filed with the Clerk of the Superior Court within "ten days after entry of the judgment or order from which the appeal is taken . . . ." We note that there was a procedural irregularity in this appeal when the first paper filed was the appellant's pro se motion for leave to appeal in forma pauperis, filed in the appeals court. Considering our liberal treatment of prisoners' pro se motions, *see Es-*

*telle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), and *Cosgrove v. United States,* 411 A.2d 57 (1980), we do not believe that the appellant's filing "irregularity" affects "substantial rights" and consequently may be disregarded in these circumstances. *See Belton v. United States,* 104 U.S.App.D.C. 81, 84, 259 F.2d 811, 814 (1958); *Blunt v. United States,* 100 U.S.App.D.C. 266, 270, 244 F.2d 355, 360 (1957).

*entry* in the records of his office reflecting the fact of notice thereof by mail. [Emphasis added.]

This appellate rule controls the running of the time for the filing of an appeal in a criminal case. Super.Ct.Cr.R. 49(c). The act beginning the running of the time is the "mailing" of the notice. As a matter of proof, mailing can be established by a docket entry by the clerk reflecting the mailing of the notice. In the present case, there is no entry in the Superior Court records of the mailing of the notice, nor is there any other proof of the mailing of the notice except for the appellant's receipt thereof. Thus, the time for the appeal can only be said to run from the time of the appellant's actual notice of the order which was August 23, 1978. *See Blunt v. United States,* 100 U.S.App.D.C. 266, 270, 244 F.2d 355, 360 (1957). The appellant's motion for leave to appeal *in forma pauperis* on September 3, 1978, was within the required ten-day period for a notice of appeal.

■ We restate our directive to the trial court in *Grier v. Rowland,* D.C.App., 409 A.2d 205 (1979), that no trial court judge may enter an order out of the presence of the parties or their counsel without first causing "the clerk" to make mail service and a regular docket entry of the fact of mailing to the parties. *See* Super.Ct.Cr.R. 49(c) and R. 55. It is only in this way that control over the jurisdictional time for noting an appeal can be assured. Failure to comply with our direction can create questions of actual notice and thus leave the trial court's judgment or order non-final indefinitely; a result neither the court nor the public can tolerate.

Appellee's motion to dismiss the appeal is denied.

### III

■ Concerning the merits of this appeal, the appellant alleges that his attorney entered the guilty plea without consulting him. He asserts that he told his attorney he would not plead guilty under any circumstances and wanted a jury trial. He claims that due to his limited education and mental capacity, he did not understand the nature of the proceedings in which his *Alford* plea was entered. Consequently, he argues that his plea was neither knowing nor voluntary.

Appellant's assertion that his counsel pleaded him guilty without consent is palpably incredible in view of the actual plea proceedings. After learning of the appellant's desire to take an *Alford* plea, the court explained the strategy and theory of the plea and asked the appellant if he understood. He nodded his head up and down. The court then heard the government's evidence against the appellant and asked: "Are all the factors of the plea bargain rights in front of us, all here on this record." The appellant's attorney said they were. The court addressed the appellant: "Mr. Williams, anyone threaten you in order to induce you to make the plea?" The appellant answered: "Well, you know, I was told that—that if I didn't take a cop, you know, they are going to serve a life paper on me, you know." The court established that the life papers had in fact been dropped as part of the plea bargain and then again asked the appellant if he had been threatened to induce the plea. He responded, "No." The court asked a third time about threats and the appellant indicated that none were made. "Anybody promise you anything other than that's stated right here on the record?" asked the court. "No," responded the appellant. The court proceeded to explain to the appellant his rights and those that he was waiving by making the plea. The court concluded with a general invitation to persons present to suggest any further questions that should be asked the appellant. None were suggested and the court accepted the plea.[2] We conclude that the trial court fully complied with the Super.Ct.Cr.R. 11(d) mandate of personal inquiry of the defendant to de-

2. Additionally, it should be noted that at sentencing, the court gave the appellant another opportunity to make a statement before it imposed sentence. The appellant had nothing to say at that time.

termine whether the plea was voluntary. All of the circumstances surrounding the plea were revealed, including the appellant's belief that he was "taking a cop." *See Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

In view of the plea proceedings, the record conclusively shows that the appellant is not entitled to relief and a hearing is not required. *See* D.C.Code 1973, § 23–110(c); *Williams v. United States*, D.C.App., 408 A.2d 996 (1979).

*Affirmed.*