**George L. SAMUELS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 80–1244.**

District of Columbia Court of Appeals.

Submitted July 6, 1981.

Decided Sept. 2, 1981.

---

Allen M. Lenchek, Upper Marlboro, Md., appointed by this court, for appellant.

Evelyn E. Crawford Queen, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry and John R. Fisher, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, FERREN, Associate Judge, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

Appellant, George Samuels, filed a motion to vacate sentence, *see* D.C.Code 1973, § 23–110, which the trial court denied without a hearing. Two questions are presented: (1) whether this appeal from the denial of the motion to vacate, filed more than a month after the trial court's order, is timely, as there is no docket entry indicating when the court clerk mailed the order and no evidence of record as to when appellant received notice of the order; and (2) whether the trial court erred in denying appellant's motion to vacate sentence without a hearing, given a factual dispute between appellant and his original trial counsel as to whether appellant had instructed counsel to file a notice of appeal from the judgment of conviction. We conclude that this appeal is timely and that the trial court erred in denying appellant a hearing. Accordingly, we reverse and remand this case for further proceedings.

I.

A jury found appellant guilty of second-degree burglary, D.C.Code 1973, § 22–1801(b), and grand larceny, *id.* § 22–2201. On March 21, 1979, the trial court sentenced appellant to concurrent terms of eighteen months to six years in prison on each count, to be served consecutively to any other sentence appellant then was serving. Appellant filed no notice of appeal from the judgment of conviction.

In a letter dated July 9, 1979, appellant wrote to this court to inquire about the status of his appeal. After checking this court's records and the Superior Court jacket, our Clerk of Court informed appellant that no appeal had been filed. Appellant next wrote to the sentencing judge, John Garrett Penn, who replied that according to his records he had advised appellant of the right to appeal but that appellant had not expressed a desire to do so. Judge Penn (now of the United States District Court) also noted that he was no longer a judge of the Superior Court and advised appellant to address any further communication to this court or the Superior Court.

On March 25, 1980, appellant filed a pro se "Motion Nunc Pro Tunc for Late Filing of Direct Appeal from Judgment of Conviction and Sentence of March 21, 1979, or, in the Alternative, Motion to Vacate Sentence." *See* D.C.Code 1973, § 23–110. In that motion, appellant alleged that on the day he had been sentenced, he had asked his then trial counsel to file an appeal and counsel had agreed to do so. Appellant stated that he had thought an appeal was in progress until he received the letter from this court informing him to the contrary. The Superior Court sent a copy of the motion to appellant's trial counsel, who responded by letter that he too had informed appellant of the right to appeal within ten days but that appellant had not told him to file an appeal. On September 9, 1980, the

trial court denied appellant's motion without a hearing, concluding on the basis of files, records, and the letter from trial counsel that appellant had been advised of his right to appeal his conviction within ten days and had failed to advise the court or his counsel of his desire to do so within the required time.

There is no docket entry reflecting that the Clerk of the Superior Court mailed appellant a copy of the order denying the motion to vacate sentence. The order itself does include the following typed notation at the bottom:

September 8, 1980

Copies mailed to:

Mr. George Samuels

Reg. No. 00455–016

P. O. Box 1000

Lewisburg, Pennsylvania 17837

United States Attorney's Office

The order itself, however, is hand-dated September 9, 1980. On October 15, 1980, appellant filed a notice of appeal from that order.

## II.

The government urges us to dismiss as untimely filed this appeal from the denial of appellant's motion to vacate sentence. The record does not support the government's contention.

D.C.App.R. 4 II(b)(1) requires filing of a notice of appeal in a criminal case "within ten days after entry of the judgment or order from which the appeal is taken . . . ." Even if we assume that this rule, which would be jurisdictional, applies to an appeal from an order denying a motion to vacate sentence under D.C.Code 1973, § 23–110, *see Williams v. United States*, D.C.App., 412 A.2d 17, 19 (1980); *Butler v. United States*, D.C.App., 388 A.2d 883, 885 (1978),[1] this ten-day time limit does not always begin to run from the date the order is entered. D.C.App.R. 4 II(b)(4) provides:

When a judgment or final order is entered or decided out of the presence of the parties and counsel, and without previous notice to them of the court's decision, such judgment or order shall not be considered as having been entered, for the purpose of computing the time for filing a notice of appeal or application for allowance of appeal, *until the third day after notice thereof has been mailed to the parties or counsel by the Clerk of the Superior Court. The Clerk shall make an entry in the records of his office reflecting the fact of notice thereof by mail.* [Emphasis added.]

■ In the absence of a docket entry or other proof of the date of mailing by the Clerk, we have stated that "the time for appeal can only be said to run from the time of the appellant's actual notice of the order. . . ." *Williams, supra* at 20; *see Blunt v. United States*, 100 U.S.App.D.C. 266, 271, 244 F.2d 355, 360 (1957). A mailing from a judge's chambers cannot serve in lieu of a Clerk's office certification of mailing to begin the running of the appeal period under D.C.App.R. 4 II(b)(4). We said in *Williams*, (which, as in this case, contained designations at the end of the court's order for copies to the defendant, his counsel, and the government):

We restate our directive to the trial court in *Grier v. Rowland*, D.C.App., 409 A.2d 205 (1979), that no trial court judge may enter an order out of the presence of the parties or their counsel without first causing "the clerk" to make mail service and a regular docket entry of the fact of mailing to the parties. *See* Super.Ct. Cr.R. 49(c) and R. 55. It is only in this way that control over the jurisdictional time for noting an appeal can be assured. Failure to comply with our direction can create questions of actual notice and thus leave the trial court's judgment or order non-final indefinitely; a result neither the court nor the public can tolerate. [*Williams, supra* at 20].

1. *But cf. United States v. Tindle*, 173 U.S.App. D.C. 77, 81 & n. 12, 522 F.2d 689, 693 & n. 12 (1975) (per curiam) (civil appellate rules govern timeliness of appeal from order denying motion to vacate sentence under 28 U.S.C. § 2255 (1976).

In this case the order denying appellant's motion to vacate sentence was entered on September 9, 1980. The record, however, shows no indication that the Clerk mailed the order; nor does it contain clear proof as to when appellant received the order (or otherwise learned of its contents), other than the date appearing on the notice of appeal itself next to appellant's signature, October 6, 1980. Accordingly, we must accept as timely the notice of appeal received and stamped filed October 15, 1980.[2]

### III.

The trial court should have held a hearing on appellant's motion to vacate sentence. D.C.Code 1973, § 23–110(c) provides that when a prisoner files a motion to vacate a sentence:

> Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto.

Appellant's allegations, if true, would entitle him to relief. The failure of counsel to file a timely notice of appeal when his client instructs him to do so amounts to ineffective assistance of counsel. *Hargett v. United States*, D.C.App., 380 A.2d 1005, 1007 (1977), *cert. denied*, 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978); *Hines v. United States*, D.C.App., 237 A.2d 827, 829 (1968). The appropriate remedy in such a case is for the trial court to vacate sentence and resentence the defendant in order to permit a timely appeal. *See Hargett, supra* at 1006–07; *id.* at 1009 (Mack, J., dissenting); *Hines, supra* at 828.

The question whether appellant had asked his trial counsel to file an appeal of his conviction was a disputed issue of fact. Appellant claimed that he had; trial counsel claimed that appellant had not. The court could not conclusively resolve the dispute without a hearing, for witness credibility—typically reflected best through live testimony under oath—is key here.

*Reversed and remanded.*

---

2. Here, the record reflects routine typing of an order in chambers with a mailing date (September 8, 1980) typed at the bottom, followed by the judge's signature dated by hand the next day. Presumably, therefore, the order was not mailed on September 8. There is no certification as to when the order assuredly was picked up from the judge's office and mailed. This lack of documentation is significant when one considers the mailing of an order to a prisoner who also may have to rely on the mails to perfect an appeal. It is interesting to note that appellant executed the notice of appeal on October 6, 1980, and mailed it from prison. It was not postmarked until October 8, 1980. The Clerk of Court did not receive it until October 15, 1980, a full week later. If we assume there is a 10-day period for appealing denials of motions under D.C.Code 1973, § 23–110, *see Williams, supra* at 19; *Butler, supra* at 885, coupled with a presumption that an order is received three days after mailing by the clerk, *see* D.C.App.R. 4 II(b)(4), it is especially important that there be no compromise of the rules that could serve to cut off the right of appeal prematurely. The turnaround time in the federal system for mailing the denial of an analogous § 2255 motion to a prisoner who thereupon files a notice of appeal is considerably more relaxed, as it is governed by the civil rules. *See* note 1 *supra*.