John E. THOMAS, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 90–520.

District of Columbia Court of Appeals.

Argued Jan. 23, 1991.
Decided Feb. 26, 1991.

---

Robert J. Dowlut, Washington, D.C., appointed by this court, for appellant.

Barbara J. Valliere, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, FERREN, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

Appellant appeals from the denial of his motion to extend the time to file his notice of appeal under D.C.App.R. 4 on the ground of excusable neglect. Additionally, appellant contends, for the first time, that trial counsel's failure to file a timely notice of appeal from his convictions denied him the effective assistance of counsel. We find no abuse of discretion by the trial judge in finding that appellant had not shown excusable neglect. Appellant's ineffective assistance claim is not properly before us. Accordingly, we affirm.

I.

Appellant was convicted by a jury of distribution of heroin and possession with intent to distribute heroin pursuant to D.C. Code § 33–541(a)(1) (1988), and was sentenced on September 6, 1988. His trial counsel filed a notice of appeal on October 12, 1988, which stated that the judgment was entered on September 13, 1988.

Upon motion by the government, this court dismissed the appeal as untimely filed without prejudice to appellant's seeking relief in the trial court to extend the time for filing an appeal *nunc pro tunc* to October 12, 1988.[1] On February 5, 1990, appellant's new counsel filed a motion to extend the time for filing an appeal *nunc pro tunc* to October 12, 1988. As an explanation for trial counsel's failure to file promptly, the motion stated that trial counsel erred in determining when judgment had been entered, was "probably confused by the dates and made an honest mistake." The trial judge denied appellant's motion.

II.

Appellant does not dispute that his notice of appeal was not timely filed as required by D.C.App.R. 4(b)(1).[2] Rather, he argues that he has shown excusable neglect under D.C.App.R. 4(b)(3) since he was incarcerated during the time the notice should have been filed, reasonably relied on his attorney to file a timely notice, and should not be penalized for his attorney's neglect.

 To demonstrate excusable neglect, appellant must show that he has done " 'all he could do under the circumstances' to perfect an appeal within the time prescribed by the rules." *United States v. Houser,* 804 F.2d 565, 569 (9th Cir.1986) (abuse of discretion standard of review) (quoting *United States v. Avendano–Camacho,* 786 F.2d 1392, 1394 (9th Cir.

1. D.C.App.R. 4(b)(1) provides that a "notice of appeal in a criminal case shall be filed with the Clerk of the Superior Court within thirty days after entry of the judgment or order from which the appeal is taken...." D.C.App.R. 4(b)(3) states that "[u]pon a showing of excusable neglect the Superior Court may ... extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by paragraph (1)."

2. *United States v. Jackson,* 528 A.2d 1211, 1213 (D.C.1987) (time for appeal begins to run, in the absence of a docket entry or other proof of mailing by the Clerk of the Superior Court, from the time of the defendant's actual notice of the order).

1986) (Kennedy, J.)).[3] *See Jackson, supra* note 2, 528 A.2d at 1213; *Butler v. United States,* 388 A.2d 883, 885 (D.C.1978). Contrary to appellant's assertions, excusable neglect is not shown where the only allegation is that trial counsel has miscalculated when the time to appeal expired and that the defendant relied on trial counsel to file timely. *See Brown v. United States,* 379 A.2d 708, 710 (D.C.1977) (no excusable neglect where attorney did not ensure that notice of appeal arrived promptly); *Avendano-Camacho, supra,* 786 F.2d at 1394 ("exception has been narrowly construed, and attorney neglect has not been seen as providing a basis for relief [under federal counterpart to D.C.App.R. 4(b)(3) ]"); *Buckley v. United States,* 382 F.2d 611, 615 (10th Cir.1967), *cert. denied,* 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968) (neglect in miscalculating date for filing of notice of appeal not excusable neglect).[4] Enforcement of the rules would be hampered if excusable neglect simply amounted to reliance on counsel to file timely.

Appellant's reliance on *Butler, supra,* 388 A.2d at 885, *Houser, supra,* 804 F.2d at 569, and *United States v. Ford,* 627 F.2d 807, 811 (7th Cir.), *cert. denied,* 449 U.S. 923, 101 S.Ct. 324, 66 L.Ed.2d 151 (1980), is misplaced; those cases involved *pro se* appellants who took affirmative steps to perfect their appeals. In *Butler,* where the incarcerated *pro se* defendant filed his appeal two days late, the court allowed the appeal emphasizing, however, that it had "extended *Fallen* [*v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964) ] to its outer limit." 388 A.2d at 885.

In *Houser,* the defendant filed a *pro se* notice of appeal to the court with an explanation indicating that his counsel had told him that "she would pursue the options available to him 'including the filing of a notice of appeal.' " 804 F.2d at 569. In *Ford,* where the *pro se* defendant prepared and had the notice of appeal notarized within the applicable ten day deadline, but it was not received by court officials until after the ten day period expired, the court permitted the appeal noting that " 'courts of appeals have the power to overlook irregularities where fairness and justice so require.' " 627 F.2d at 811 (quoting *United States v. Hoye,* 548 F.2d 1271, 1273 (6th Cir.1977)).

The record is devoid of evidence that appellant took any affirmative steps to perfect his appeal. Appellant's motion did not even allege that he had instructed counsel to file a notice of appeal.[5] Accordingly, we find no abuse of discretion by the trial judge in denying appellant's motion on the ground he had failed to show excusable neglect. *Houser, supra,* 804 F.2d at 569 (standard of review).

### III.

■ Appellant also contends that he should be allowed to file an untimely appeal because of the ineffectiveness of his trial counsel. He maintains that the failure to file a notice of appeal constitutes deficient performance of counsel and the loss of a timely appeal establishes prejudice under *Strickland v. United States,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

---

**3.** Cases interpreting Fed.R.App.P. 4(b) are persuasive authority in defining excusable neglect under the local rule. *West v. United States,* 346 A.2d 504 (D.C.1975).

**4.** Nor, as appellant contends, could his failure to file timely be excused because he was not notified promptly by the court that the notice was untimely. The issue is whether the original notice was filed within the thirty day deadline; whether appellant was informed that the original notice was untimely is irrelevant in determining whether the delay was attributable to excusable neglect. *But see United States v. Lucas,* 597 F.2d 243, 245 (10th Cir.1979) ("[i]t would be most helpful if the district court

would advise a would-be appellant ... that his notice of appeal is untimely, thereby putting him on notice that some immediate action is yet required to secure appellate jurisdiction"). Appellant has made no claim that the trial judge failed to advise him of his rights of appeal as required by Super.Ct.Crim.R. 32(c)(3). The issue on this appeal does not turn on the failure of appellant to take immediate action once the thirty day deadline expired, but on appellant's failure to comply with D.C.App.R. 4(b)(1) in the first instance.

**5.** The record regarding excusable neglect was not developed in the trial court; counsel did not request a hearing. Super.Ct.Civ.R. 12–I(i).

The failure of counsel to file a timely notice of appeal is not a *per se* violation of *Strickland. See Taylor v. United States,* 565 A.2d 992, 993 n. 1 (D.C.1989); *see also Lewis v. United States,* 111 U.S.App.D.C. 13, 15, 294 F.2d 209, 211, *cert. denied,* 368 U.S. 949, 82 S.Ct. 390, 7 L.Ed.2d 344 (1961). Appellant's ineffectiveness claim, moreover, is raised for the first time on appeal.[6] Hence, there is no record developed on this issue.[7] We, therefore, are unable to discern exactly why trial counsel did not file timely. *See Samuels v. United States,* 435 A.2d 392, 395 (D.C.1981) (trial court should have held a hearing on motion filed under D.C.Code § 23–110(c) on disputed issue whether defendant asked trial counsel to file an appeal since "[t]he failure of counsel to file a timely notice of appeal when his client instructs him to do so amounts to ineffective assistance of counsel"). Without such a record, we are unable to review appellant's ineffective assistance claim. *Godfrey v. United States,* 454 A.2d 293, 302 (D.C.1982). His contention is properly raised initially in the trial court.[8] *See Samuels, supra,* 435 A.2d at 395; *Avendano–Camacho, supra,* 786 F.2d at 1395.

Accordingly, the judgment is affirmed.

---

**6.** Appellant claims that the statement in his Memorandum in Support of his Motion for Extension of Time to File Notice of Appeal that "Mr. O'Neill [trial counsel] also knew that 'if a convicted defendant elects to appeal, he retains the Sixth Amendment right to competent counsel....' *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988)," provided sufficient notice to the trial court that appellant was raising a claim of ineffective assistance of counsel. We disagree. This rather cryptic statement does not allege that Mr. O'Neill's failure to file timely constituted ineffective assistance. Taken in the context of the Memorandum as a whole, it appears to have been made in order to support the assertion that Mr. O'Neill did not seek to "deliberately mislead" the court, and his failure to file timely was due to excusable neglect.

**7.** Appellant's reliance on *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), is misplaced for this reason: there is no record on which to evaluate appellant's claim.

**8.** Appellant may file a motion under D.C.Code § 23–110 (1989). *See Banks v. United States,* 307 A.2d 767, 768 (D.C.1973). If it is discovered that appellant indicated to counsel within the thirty day deadline that he wanted to appeal, and counsel did not, appellant's rights to appeal may be restored. *See Samuels, supra,* 435 A.2d at 395; *Avendano-Camacho, supra,* 786 F.2d at 1395. *Shepard v. United States,* 533 A.2d 1278, 1280 (D.C.1987) (ineffective assistance claim is to be raised on direct appeal or it is waived absent a showing of good cause), would not bar the filing of such a motion by appellant since he has yet to have a direct appeal from his conviction.