Donald HATCH, Appellant,

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

No. 94–CV–1469.

District of Columbia Court of Appeals.

Nov. 4, 1999.

---

Before TERRY and REID, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Previously, this division, sitting as a motions division, granted appellees' motion to dismiss this appeal as moot. This matter is again before the division on appellant's "petition for reconsideration and/or suggestion for initial hearing en banc." Although the motion for reconsideration has been denied in a separate order, we deem it appropriate to publish this opinion to clarify the boundaries of review discussed in *Angarano v. United States,* 329 A.2d

453 (D.C.1974) (en banc), and to identify what matters are subject to en banc review pursuant to D.C.App.R. 40, when decided by a motions division.

In *Angarano,* the Public Defender Service ("PDS") sought en banc review of a division decision denying a motion to withdraw.[1] The court concluded that the order issued in *Smith v. United States, supra* note 1, was never intended to be circulated to the full court, and "no decision was to be issued setting forth the reasoning of the two judges who voted to grant the motion." *Id.* at 456. For that reason, the court noted that while the motions division disposed of the narrow question of law before it, "in no sense did its action constitute a 'decision' of the court within the contemplation of either *M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971), or our Rule 40(c)." It is to Rule 40(c) now Rule 40(e)[2] that we speak.

■ In *Angarano,* the issue which the motions division decided was interlocutory in nature and did not resolve the merits of the appeal. In the matter presently before the court, however, this division dismissed the appeal as moot, effectively disposing of the appeal on the merits. In the present case, there is nothing further to be determined by the court. Nothing in the language of *Angarano* can be read to limit this court's ability to review en banc the subject order disposing of the appeal on the merits. Thus we hold that whenever a motions division decides a matter which, if decided by a merits division, would be subject to a petition for rehearing en banc, the motions division's decision is likewise subject to a petition for rehearing en banc. Accordingly, appellant's *pro se* petition for initial hearing en banc, construed as a petition for rehearing en banc because it is

---

1. The genesis of the petition for en banc review was the disparate treatment of separate motions to withdraw filed by PDS. In the first case, *Smith v. United States,* No. 6980 (D.C. July 26, 1973), the division granted a motion to withdraw in an unpublished order, whereas in *Angarano v. United States,* 312 A.2d 295

(D.C.1973), following a rash of motions to withdraw filed by PDS, the division elected to deny the motion, and an opinion followed.

2. Following revisions to Rule 40, former subsection (c) is now subsection (e), the applicable provision in this context.

now too late for initial hearing en banc,[3] shall be forwarded to the entire court for consideration.

*So ordered.*

---

**3.** *See Williams v. United States,* 412 A.2d 17, 21 n. 1 (D.C.1980) (this court provides liberal treatment of prisoner's *pro se* motions); *Dixon v. Jacobs,* 138 U.S.App.D.C. 319, 326 n. 16, 427 F.2d 589, 595 n. 16 (1970) ("petitions drawn by inexpert hands of laymen in confinement are not scrutinized for the formal standard we properly require of practicing attorneys"); *Sikora v. Brenner,* 126 U.S.App. D.C. 357, 359 n. 4, 379 F.2d 134, 136 n. 4 (1967) ("A court is liberal when it reviews the pleading *pro se* of one unskilled in the law.").