*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 19-CO-721 & 19-CO-722

HASSAN BANGURA, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeals from the Superior Court
of the District of Columbia
(FEL-5136-95 & FEL-2072-96)

(Hon. Wendell P. Gardner, Jr., Trial Judge)

(Submitted January 19, 2021                    Decided April 1, 2021)

*Anne Keith Walton* for appellant.

*Michael E. McGovern*, Assistant United States Attorney, with whom *Michael R. Sherwin*, Acting United States Attorney, and *Elizabeth Trosman*, *Suzanne Grealy Curt*, and *Timothy R. Cahill*, Assistant United States Attorneys, were on brief for appellee.

Before GLICKMAN and DEAHL, *Associate Judges*, and FERREN, *Senior Judge*.

FERREN, *Senior Judge*: Hassan Bangura appeals the trial court's order

denying his petition for writ of error coram nobis to reinstate his right to appeal his

convictions. He argues that the trial court abused its discretion by applying incorrect legal standards in its evaluation of coram nobis requirements and making findings that lacked a firm factual foundation. For the reasons elaborated below, we affirm.

## I.     Facts and Proceedings

Bangura was indicted on July 12, 1995, in case 1995 FEL 005136 on a single count of Possession with Intent to Distribute a Controlled Substance-Cocaine (PWID). He was subsequently charged on December 19, 1995, in case 1996 FEL 002072 for violating the Bail Reform Act (BRA) when he failed to appear for his original trial date. The two cases were consolidated for trial. On December 10, 1996, Bangura was found guilty on both and given probationary sentences on each. For the PWID charge, Bangura was sentenced to ten to twenty years of incarceration, execution of sentence suspended as to all, with two years of probation. For the BRA charge he was sentenced to twenty months to five years of incarceration, execution of sentence suspended as to all, with two years of probation. Both of the two-year probationary periods, which were to be served concurrently, have since been completed. After pronouncing each sentence, the trial court informed Bangura of his appeal rights, but no notice of appeal was filed.

On October 15, 2018, more than two decades later, Bangura filed a motion pursuant to D.C. Code § 23-110 to vacate and reenter the trial court's judgments, alleging ineffective assistance from his trial counsel, who, Bangura said, had violated his duty by failing to file a notice of appeal, as Bangura had requested, within the time prescribed by D.C. Ct. App. R. 4(b)(l).[1] The government opposed Bangura's motion on December 10, 2018, arguing that he was no longer in custody, as required by § 23-110, when he filed the motion, and thus is not entitled to relief. The government further argued that the motion should be denied because, even if Bangura's motion is re-characterized as a petition for coram nobis relief, he cannot demonstrate that he satisfies the essential criteria for a grant of the writ, nor can he justify the delay in filing his motion.

On March 13, 2019, the trial court ordered Bangura to address whether D.C. Code § 23-110 is the proper vehicle for achieving his requested relief and to respond to the government's arguments. Bangura filed a reply on April 12, 2019, conceding that he was no longer in custody and that he therefore should have filed

_____

[1] Pursuant to D.C. Ct. App. R. 4(b)(l), "[a] notice of appeal in a criminal case must be filed with the Clerk of the Superior Court within 30 days after entry of the judgment or order from which the appeal is taken, unless a different time is specified by the provisions of the District of Columbia Code."

a petition for writ of error coram nobis. He also moved for coram nobis relief to advance his ineffectiveness claim, and to vacate and re-enter the judgments against him to facilitate a timely notice of appeal.

On July 12, 2019, the trial court held an evidentiary hearing on this matter. Both parties were provided an opportunity to present evidence and argument. Bangura introduced an affidavit in which he claimed to have instructed his trial attorney to file a notice of appeal after sentencing. At the hearing, Bangura also presented the case jackets for his cases, both of which contained notes that his appellate rights were explained by the trial court. Bangura chose not to testify or present any witnesses. His trial attorney testified for the government.

On July 29, 2019, the trial court denied Bangura's petition, concluding that he had failed to prove his allegations based solely on "an unsubstantiated affidavit indicating merely that he requested his trial counsel to file a notice of appeal." More specifically, the court ruled that Bangura could not demonstrate that he had met the first, second, and third requirements for a coram nobis claim. Bangura's timely appeal followed.

## II.    The Law

As explained in our *Hamid* decision:[2]

> The writ of error *coram nobis* requires that:  (1) the trial court be unaware of the facts giving rise to the petition; (2) the omitted information be such that it would have prevented the sentence or judgment; (3) petitioner be able to justify the failure to provide the information; (4) the error be extrinsic to the record; and (5) the error be of the most fundamental character.

"A writ of error coram nobis is an 'extraordinary remedy' which should be granted 'only under circumstances compelling such action to achieve justice.'"[3]  It is available only "to correct a miscarriage of justice resulting from errors of the most fundamental character, where no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief."[4]  We review a trial court's denial of a petition for writ of error coram nobis for an abuse of discretion,[5] which will

---

[2]  *United States v. Hamid*, 531 A.2d 628, 634 (D.C. 1987) (internal citations and quotations omitted).

[3]  *Butler v. United States*, 884 A.2d 1099, 1104 (D.C. 2005) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954) and *United States v. Higdon*, 496 A.2d 618, 619 (D.C. 1985)).

[4]  *Magnus v. United States*, 11 A.3d 237, 245 (D.C. 2011) (alterations and quotation marks omitted).

[5]  *See Butler*, 884 A.2d at 1105; *see also Hamid*, 531 A.2d at 632; *Higdon*, 496 A.2d at 620.

occur when a trial court bases its decision on an incorrect legal standard[6] or renders a decision that is not based on a "firm factual foundation."[7]

### III.    Analysis

**A. The Trial Court's Ruling**

The trial court denied Bangura coram nobis relief after addressing, in order, the first three requirements for the writ. *First*, the court opined that coram nobis relief is limited to "correct[ing] the record in matters of fact existing at the time of the pronouncement of the judgment."[8]  Accordingly, because "trial counsel's timing for filing an appeal could not have occurred until after the judgment was rendered," the trial court ruled that Bangura failed to satisfy the first requirement for the writ.

*Second*, the court observed that, even if the first requirement could be deemed satisfied by trial counsel's failure to file an appeal, the "omitted

_____

[6] *See In re J.D.C.*, 594 A.2d 70, 75 (D.C. 1991).

[7] *Johnson v. United States*, 398 A.2d 354, 364 (D.C. 1979).

[8] *Douglas v. United States*, 703 A.2d 1235, 1236 (D.C. 1997) (internal quotations omitted).

information" attributable to the notice of appeal — i.e., counsel's alleged ineffectiveness — "would not have prevented the sentence or judgment." Bangura's ineffectiveness claim was "perfunctory"; there was no "indication that he expressed to his trial counsel a clear interest in appealing his case"; and in any event the court "made its decision at trial with a full understanding of the facts and circumstances," thereby precluding any "prejudice such that the omitted information would have prevented the judgment."

*Third*, concluded the court, Bangura was "unable to justify his failure to provide the omitted information." He "failed to show he acted with due diligence in protecting his appellate rights," having waited "nearly twenty-two years to communicate the claimed error to the court" and thus diminishing the credibility of his claim. He therefore defaulted on the third requirement as well.

**B. Bangura's Appeal**

As to the first requirement for the writ, Bangura rejects the trial court's understanding that coram nobis relief is limited to correcting errors of fact. He points out, to the contrary, that this court has "expanded coram nobis relief to

include the correction of fundamental legal errors in addition to factual errors,"[9] and that long ago we granted a writ of error coram nobis to authorize a remand for resentencing after trial counsel had missed the filing deadline for noting an appeal.[10]  It follows, Bangura argues, that his ineffectiveness claim is not barred from coram nobis relief by the impossibility of "facts giving rise to the petition" that occur after sentence or judgment.

Next, observes Bangura, this court has "made clear that a meritorious ineffective assistance of counsel claim meets the second coram nobis requirement";[11] thus, the judgment here might have been vacated if a timely appeal had been filed.

Finally, according to Bangura, the third requirement was satisfied despite his nearly 22-year delay in raising the ineffectiveness claim.  More specifically, he was "very reasonably unaware due to the lack of understanding of the appellate

_____

[9]  *Magnus*, 11 A.3d at 246.

[10]  *See Hines v. United States*, 237 A.2d 827, 829 (D.C.1968).

[11]  *See Fatumabahirtu v. United States*, 148 A.3d 260, 268 & n.13 (D.C. 2016).

process" that trial counsel had failed to "provide the information" — i.e., to file the appeal — that would have erased his sentence or judgment.

## C.  Decision on Appeal

In his brief, Bangura has chosen, first, to argue the merits of his claim:  that trial counsel was constitutionally ineffective in failing to "file a notice of appeal upon his request."  Logically, however, that argument is preceded by the threshold question whether he satisfied the procedural requirements for claiming coram nobis relief — a question that embraces whether the merits can be reached.  We therefore proceed to consider, initially, whether the trial court abused its discretion in concluding that Bangura failed to satisfy the first three coram nobis requirements at issue here.

We agree with Bangura that he has satisfied the first two requirements for coram nobis relief.  We have said that the first requirement for the writ — that "the trial court be unaware of the facts giving rise to the petition" — is not limited (as the trial court believed) to a ruling based on a trial court unawareness of "facts." The first requirement can be met as well by reliance on the court's being unaware

of legal error,[12] such as post-trial ineffective assistance of counsel in failing to note an appeal.[13] Moreover, the second requirement can be satisfied if such ineffective assistance should have "prevented the sentence or judgment" or, as alleged here, should have resulted in vacation of the judgment, coupled with resentencing "to permit a timely appeal."[14]

_____

[12] *Magnus*, 11 A.3d at 246 ("At least since the Supreme Court resurrected the [coram nobis] remedy over half a century ago in [*United States v. Morgan*, 346 U.S. 502 (1954)] its scope has expanded to encompass the correction of fundamental legal errors in addition to factual ones."); *see Fatumabahirtu*, 148 A.3d at 268 ("federal courts have routinely held that ineffective assistance is an error of the most fundamental character.") (internal citations and quotation marks omitted).

[13] *Fatumabahirtu*, 148 A.3d at 268. (in applying second requirement for coram nobis relief, the court concluded that appellant's success in "establish[ing] prejudice as a result of ineffective assistance of counsel is sufficient to show that the judgment here would not have been entered absent the error"); *Samuels v. United States*, 435 A.2d 392, 395 (D.C. 1981) ("failure of counsel to file a timely notice of appeal when his client instructs him to do so amounts to ineffective assistance of counsel"); *Hines*, 237 A.2d 827, 829 ("failure to file timely notice [of appeal] impresses us as such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable in a collateral attack upon the judgment") (internal quotation marks omitted).

[14] *Samuels*, 435 A.2d at 395 (counsel's failure "to file a timely notice of appeal when his client instructs him to do so amounts to ineffective assistance of counsel" for which the "appropriate remedy . . . is for the trial court to vacate sentence and resentence the defendant in order to permit a timely appeal"); *see Williams v. United States*, 783 A.2d 598, 599 (D.C. 2001 (en banc) (remanding for trial court "to vacate and reenter . . . order denying [appellant's] motion alleging ineffective assistance of trial counsel so that an appeal from that order may be noted in the required manner").

We therefore turn to the third requirement:  whether Bangura has "justif[ied] the failure to provide the information" — i.e., the failure to file his petition for the writ — for a period of 22 years since the gravamen of his complaint against trial counsel arose.  Here, we part company with Bangura, who asserts that the trial court "misapplied the law by stating that the mere passage of time and prejudice to the government defeated his claim."[15]

Contrary to Bangura's contention, the trial court wrote, quoting our decision in *Hamid*:  "While it is true that 'the passage of time cannot be found to preclude the granting of this extraordinary writ on purely legal grounds, delay in asserting the basis for its invocation might, in any given case, affect the credibility and/or viability of a petitioner's claim.'"[16]  Thus, Bangura's delay was part of the trial court's credibility determination when it evaluated the evidence as to whether he

_____

[15]  *See Farnsworth v. United States*, 232 F.2d 59, 63 (D.C. Cir. 1956) ("where the fundamental constitutional right has been denied, an accused should not be precluded from relief because he cannot satisfy a court that he had good cause for any delay in seeking it").

[16]  *Hamid*, 531 A.2d at 632; *compare id.* (three-year delay in filing petition did not bar relief where defendant did not realize until eighteen months before filing that he had been convicted of a felony rather than a misdemeanor) *with Stewart v. United States*, 37 A.3d 870, 878 (D.C. 2012) (noting that defendant's credibility is "subject to grave doubt in light of . . . the inference that would necessarily be drawn against him as a result of his protracted delay in asserting this claim and the prejudice to the government caused thereby," when he waited more than a dozen years after sentencing before making an ineffectiveness claim).

told his attorney to file the notice of appeal. The delay, as such, did not determine the trial court's ruling as to whether he satisfied the third requirement of the writ. We therefore consider how Bangura's substantial delay in charging trial counsel with constitutional ineffectiveness in failing to file an appeal affected the trial court's ruling.

Bangura contends that he established ineffective assistance by "present[ing] a sworn affidavit stating that he requested his trial counsel to file a notice of appeal and that his trial counsel never filed the notice." He adds that he "bolstered his claim by establishing at the hearing that his trial counsel could not remember whether or not he requested a notice of appeal to be filed, failed to maintain contact with him following his sentencing, and no longer had his file." We agree that, if Bangura had asked his attorney to file an appeal and the attorney had failed to do so, the presumed prejudice Bangura suffered as a result[17] may well have been

_____

[17] "[P]rejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.'" *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)).

sufficient to show that error affected the judgment.[18] The trial court ruled, however, that this scenario did not occur.

The court rejected Bangura's ineffectiveness claim for insufficient proof. Other than his pleadings, Bangura's support for his petition consisted solely of his affidavit, in which he claimed that his attorney had failed to file a notice of appeal after being specifically requested to do so. The trial court, however, weighed this evidence against the testimony of Bangura's attorney — Bangura himself did not testify — as well as Bangura's failure to present evidence as to "what conversations, if any, took place between him and his trial counsel during the thirty-day period for filing an appeal." The court found Bangura's claim to be "perfunctory," "conclusory," and "palpably incredible," explicitly finding that there was "no such indication that he expressed to his trial counsel a clear interest in appealing his case."[19]

_____

[18] *Fatumabahirtu*, 148 A.3d at 268 n.13 (A meritorious *Strickland* claim is sufficient to satisfy the second requirement for coram nobis relief).

[19] In finding Bangura's affidavit "unsubstantiated," the trial court relied, in part, on its finding that Bangura had failed to use "due diligence in bringing his claim to light," as implicitly required by the third requirement of the writ of coram nobis.

We perceive no basis for second-guessing this trial court ruling.[20]  Thus, the trial court did not err in applying the third requirement for a writ of error coram nobis; it did not conclude categorically, as Bangura asserts, that the passage of time barred his claim.  Rather, in line with *Hamid*,[21] the trial court concluded that Bangura's delay in asserting his claim substantially diminished its credibility.  Indeed, the trial court held that, because Bangura failed to provide an explanation that justified his delay in presenting his claim "(e.g., duress, fear, or other sufficient cause)," or present "corroborative evidence," it could not find a basis for delay other than neglect.  It was because of this, not the delay itself, that the trial court concluded — and we agree — that Bangura failed to satisfy the third requirement for the writ.

## IV. Conclusion

Based on the record support for the trial court's finding that Bangura never requested counsel to file a notice of appeal, as well as Bangura's inability to

_____
[20] *See Russell v. United States*, 65 A.3d 1172, 1176 (D.C. 2013) (The "court [of appeals] must give deference to the factfinder's ability to weigh the evidence") (internal citation and quotation marks omitted).

[21] *See* text accompanying *supra* note 16.

provide "sound reasons" for his "failure to seek appropriate earlier relief,"[22] we hold that the trial court did not abuse its discretion in denying Bangura's petition for a writ of coram nobis.

*Affirmed.*

---

[22] *Magnus*, 11 A.3d at 245.