**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jesus AVENDANO–CAMACHO,**
**Defendant-Appellant.**

**No. 85–5141.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1986.

April 14, 1986.

---

Ralph F. Hirschmann, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Alan Saltzman, Saltzman & Warren, Hollywood, Cal., for defendant-appellant.

Before KENNEDY and SCHROEDER, Circuit Judges, and ORRICK,* District Judge.

KENNEDY, Circuit Judge:

Appellant Avendano-Camacho was convicted of conspiracy to possess and distribute heroin and aiding and abetting the distribution of heroin. The judgment of conviction was entered on April 10, 1985. On May 30, 1985, appellant attempted to file a notice of appeal which was rejected as untimely. Appellant contends that his failure to file the notice within the time prescribed by Federal Rule of Appellate Procedure 4(b) was the result of the imcompetency of his trial counsel. On June 4, 1985, appellant sought from the district court an extension of time to file the notice, a request denied by order docketed June 6, 1985. Appellant timely appealed this order on June 14, 1985. On appeal it is argued that Federal Rule of Appellate Procedure 4(b) denies appellant the equal protection of the laws since it permits the government thirty days in which to perfect an appeal while providing an individual defendant

---

* William H. Orrick, Jr., U.S. District Judge for the Northern District of California, sitting by designation.

only ten days. Appellant also argues the district court erred in not finding that the alleged incompetency of his trial counsel in not filing the notice constituted "excusable neglect" warranting extension of the time for filing an appeal. We reject appellant's equal protection argument and, because we find ourselves without jurisdiction to hear the appeal, affirm the order of the district court.

 While the equal protection clause of the Fourteenth Amendment does not by its terms apply to federal enactments, equal protection claims may be brought under the Fifth Amendment due process clause and are approached in the same manner as are claims under the Fourteenth Amendment. *See Weinberger v. Wiesenfeld,* 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 1228 n. 2, 43 L.Ed.2d 514 (1975). Classifications challenged as denying the equal protection of the laws are generally sustained if they rationally further a legitimate governmental interest. Only if the classification operates to the peculiar disadvantage of a suspect class, or interferes with a fundamental right, will it be subjected to strict scrutiny by the courts. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976). In this case there is no allegation that the classification disadvantages a suspect class. At least where the classification at issue is not based on wealth, the right to appeal is not considered a fundamental right. *Bell v. Hongisto,* 501 F.2d 346, 353–54 (9th Cir.1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975). Consequently, we apply the rational relation test to judge the classification here.

 Applying this test, we have no difficulty finding that the different periods provided the government and criminal defendants for filing an appeal do not deny defendants the equal protection of the laws. It is reasonable to presume that it takes a large, bureaucratic organization such as the government, responsible for prosecuting thousands of cases across the country, a greater time to assess the merits of an appeal than it does an individual defendant. In reaching its decision whether or not to appeal, the government must be concerned, moreover, with the consistency of its positions and the future impact of the case, considerations that do not weigh as heavily, if at all, in the decision of the defendant.

 Having resolved defendant's constitutional challenge, we observe that courts have consistently viewed the filing deadlines of Federal Rule of Appellate Procedure 4(b) as "both mandatory and jurisdictional." *Smith v. United States,* 425 F.2d 173, 174 (9th Cir.1970) (citing *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)). Here the appellant has missed the initial ten-day filing period, as well as the thirty additional days provided for seeking an extension of time due to "excusable neglect." While an exception to the rule that the filing periods are jurisdictional has been recognized where an appellant has done "all he could under the circumstances" to perfect an appeal within the time permitted by the rule, *see, e.g., Fallen v. United States,* 378 U.S. 139, 143–44, 84 S.Ct. 1689, 1692–93, 12 L.Ed.2d 760 (1964), this exception has been narrowly construed, and attorney neglect has not been seen as providing a basis for relief. *Compare id.* (prisoner mailed notice within ten-day period without knowing that prison mail was not picked up everyday) *with Berman v. United States,* 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964) (per curiam) (affirming dismissal of appeal where notice was one day late because counsel failed to file notice due to illness). *See also Smith,* 425 F.2d at 174 (late appeal dismissed where attorney failed to file notice after informing defendant that it would be filed). Furthermore, the defendant does not claim that the district court failed to inform him of his right to appeal as provided by Federal Rule of Criminal Procedure 32(a)(2), thus perhaps preventing running of the time for filing a notice of appeal. *See United States v. Deans,* 436 F.2d 596, 599–600 (3d Cir.), *cert. denied,* 403 U.S. 911, 91 S.Ct. 2211, 29

L.Ed.2d 688 (1971). Consequently, we lack jurisdiction to hear the appeal.

We are aware that this result seems harsh. We emphasize, however, that we do not here decide whether, in light of defendant's apparent lack of education or understanding of the English language, his counsel may not in fact have sufficiently informed him of his right to appeal and whether any such failure might constitute ineffective assistance of counsel. At this time the proper avenue for raising this claim is to file a petition under 28 U.S.C. § 2255. While this circuit has not had occasion to address what remedy under section 2255 might be available to a federal prisoner who establishes that he was in fact denied the right to appeal as a result of ineffective assistance of counsel, we note that in at least one other circuit such a petitioner has been granted the right to file an out-of-time appeal. *See Mack v. Smith,* 659 F.2d 23, 25–26 (5th Cir.1981); *Atilus v. United States,* 406 F.2d 694 (5th Cir.1969).

The order of the district court is AFFIRMED.