**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**PRAIRIE PHARMACY, INC.,
Defendant–Appellant.**

No. 89–50689.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 1, 1990.

Decided Dec. 11, 1990.

Lloyd A. Bookman, James Franklin Owens, John Hellow, Hooper, Lundy & Bookman, Los Angeles, Cal., for defendant-appellant.

Robert L. Brosio, U.S. Atty., Jeffrey C. Eglash, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before ALARCON and NORRIS, Circuit Judges and MARSH,* District Judge.

ALARCON, Circuit Judge:

Prairie Pharmacy, Inc. (Prairie Pharmacy) appeals from the denial of its motion for an extension of time to file a notice of appeal. Prairie Pharmacy contends that

---

* Honorable Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation.

the district court abused its discretion in finding that "no valid reason for delay" existed to warrant an extension of time for "excusable neglect" under Rule 4(b) of the Federal Rules of Appellate Procedure. We have jurisdiction over the timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On August 7, 1989, Prairie Pharmacy pleaded guilty to five counts of Medicare fraud in violation of 18 U.S.C. §§ 1001 and 2(b). On October 30, 1989, the district court sentenced Prairie Pharmacy to pay restitution of $229,369 and a fine of $15,000. The judgment was entered on November 3, 1989. Rule 4(b) of the Federal Rules of Appellate Procedure requires a notice of criminal appeal to be filed within 10 days from the entry of the order. Thus, the last day for filing the notice of appeal was November 13, 1989. The notice of appeal was filed on November 21, 1989.

On December 5, 1989, the Government moved to dismiss Prairie Pharmacy's appeal on the ground that it was untimely. On December 11, 1989, Prairie Pharmacy made an *ex parte* motion seeking an order to extend the time to file its appeal on the basis that Prairie Pharmacy's neglect was excusable under Rule 4(b).

In support of its *ex parte* motion Prairie Pharmacy presented the following evidence. Prairie Pharmacy's primary counsel throughout this matter was Graysen & Kaplan (Graysen), which specializes in criminal defense. To assist in presenting the defense at the sentencing hearing, Prairie Pharmacy engaged Hooper, Lundy & Bookman, Inc. (Hooper), a law firm which specializes in health care law. Between November 6 and November 10, 1989, a Prairie Pharmacy representative advised Graysen and Hooper of Prairie Pharmacy's desire to appeal the sentencing and restitution order. Both Graysen and Hooper believed that the last date to file a notice of appeal was November 29, 1989. Hooper filed a notice of appeal on November 21, 1989.

The district court denied Prairie Pharmacy's *ex parte* motion, finding that "[n]o valid reason for delay" existed. Prairie Pharmacy timely appeals.

## DISCUSSION

Prairie Pharmacy contends that its failure to file a timely notice of appeal was due to "excusable neglect" within Rule 4(b) of the Federal Rules of Appellate Procedure because (1) Graysen misinformed Hooper that the time limit was 30 days rather than ten days, (2) Hooper relied on Graysen's expertise in criminal law and thus did not independently verify whether the time limit was in fact 30 days, and (3) Prairie Pharmacy did everything it could to file a timely notice of appeal by contacting its attorneys and indicating its desire to appeal.

In a criminal case, the district court has discretion under Rule 4(b) to grant an extension of time upon finding "excusable neglect." Rule 4(b) provides in pertinent part:

> Upon a showing of *excusable neglect* the district court may before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by the subdivision.

Fed.R.App.P. 4(b) (emphasis added).

We review a district court's determination concerning excusable neglect for abuse of discretion. *United States v. Houser*, 804 F.2d 565, 569 (9th Cir.1986). "A court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally base its decision." *Pratt v. McCarthy*, 850 F.2d 590, 591 (9th Cir.1988), *reh'g denied*, 878 F.2d 331 (9th Cir.1989) (quoting *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.1986)). Thus, we may reverse only if there is no reasonable basis in the record to support the district court's decision. "[W]e cannot simply substitute our judgment for that of the district court...."

*United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir.1988).

■■■ Because of the special importance of providing criminal defendants an opportunity to appeal, we will accord greater deference to a district court's finding of excusable neglect in a criminal case than in a civil case. For the same reason we will review more searchingly a district court's finding of no excusable neglect in a criminal appeal. *See Pratt v. McCarthy*, 850 F.2d 590 (9th Cir.1988), *reh'g denied*, 878 F.2d 331, 332 (9th Cir.1989). Even though the level of our review differs slightly, however, we have held in both criminal and civil cases that mistake of counsel does not constitute excusable neglect. *See id.* (miscommunication and mistakes of counsel are not excusable); *See also United States v. Avendano–Camacho*, 786 F.2d 1392, 1394 (9th Cir.1986) ("attorney neglect has not been seen as providing a basis for relief" from Rule 4(b)); *Smith v. United States*, 425 F.2d 173, 174 (9th Cir.1970) (appeal dismissed where attorney failed to file notice after informing defendant that it would be filed). Thus, the mistaken notion of Prairie Pharmacy's counsel that the notice of appeal could be filed in 30 days does not constitute "excusable neglect" under the law of this circuit as reflected in *Pratt v. McCarthy*, 850 F.2d 590 (9th Cir.1988), *reh'g denied*, 878 F.2d 331 (9th Cir.1989); *United States v. Avendano–Camacho*, 786 F.2d 1392 (9th Cir.1986); and *Smith v. United States*, 425 F.2d 173 (9th Cir.1970).

In *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), the Supreme Court held that a notice of appeal filed by an incarcerated prisoner, after the time for filing a notice of appeal had run, was timely if the appellant "did all he could do under the circumstances" to file his appeal within ten days. *Id.* at 144, 84 S.Ct. at 1692. We applied the *Fallen* rule in *United States v. Houser*, 804 F.2d 565 (9th Cir.1986). Prairie Pharmacy argues that *Houser* permits the district court to extend the filing deadline for criminal appeals under Rule 4(b) if *the party's* failure to file a timely notice of appeal is excusable, notwithstanding counsel's failure to comply with the deadline for filing a notice of appeal. Prairie Pharmacy contends that even if its attorneys were negligent, Prairie Pharmacy was diligent because its representative contacted its appellate counsel before the time had run and indicated its desire to appeal.

Prairie Pharmacy's reliance on *Houser* is misplaced. *Houser* is readily distinguishable. In *Houser*, trial counsel had promised the incarcerated defendant that he would represent defendant in filing a notice of appeal. Houser's trial counsel simply failed to do so. 804 F.2d at 569. When Houser was informed that his trial counsel had not filed a notice of appeal, he filed a motion for leave to file a late notice in *pro se*. *Id.*

In contrast Prairie Pharmacy was continuously represented by counsel it had selected to file and pursue its appeal. "The situation of prisoners seeking to appeal without the aid of counsel is unique." *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). The courts have limited the exception established in *Fallen* to circumstances in which incarcerated appellants filed untimely appeals *pro se*. *See, e.g., Houston v. Lack*, 487 U.S. 266, 108 S.Ct. at 2382 (extension granted to *pro se* prisoner who delivered a timely notice of appeal to prison authorities even though notice was not received by the court until after the time limit); *Hostler v. Groves*, 912 F.2d 1158, 1161 (9th Cir., 1990) (applies *Houston* "to notices of appeal filed in non-habeas civil cases by incarcerated prisoners acting *pro se.*"); *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir.1984) (federal inmate who mailed the notice of appeal four days after he received the sentencing order "did all that reasonably could be expected."). Prairie Pharmacy has not cited, and our independent research has not revealed, any cases applying *Fallen* or *Houser* to defendants who are not incarcerated and not *pro se*.

In its reply brief for the first time, Prairie Pharmacy attempted to bring before this court the facts that its president and sole shareholder, Joseph Winestock, was hospitalized immediately after the October 30, 1989, sentencing hearing. Prairie Phar-

macy analogizes this situation to that of an incarcerated defendant. We cannot consider these representations because they are outside the record on this appeal. Counsel for Prairie Pharmacy concedes that this material was not presented to the district court. Even if these representations were properly before us, however, Prairie Pharmacy would have to show that the hospitalization of its president affected its ability to communicate with its attorney. The record is clear, however, that Prairie Pharmacy communicated its wish to appeal to its attorneys, with time to spare. Under such circumstances, any quasi-incarceration would not alter our analysis.

## CONCLUSION

Based on its application of the law of this circuit to the undisputed facts presented by Prairie Pharmacy in the declarations filed in support of its motion pursuant to Rule 4(b), the district court did not abuse its discretion in denying Prairie Pharmacy's motion for an extension to file a notice of appeal based on "excusable neglect." First, it is well-established in this circuit that attorney negligence is not "excusable neglect" under Rule 4(b). The evidence presented by Prairie Pharmacy that Graysen mistakenly advised Hooper that a notice of appeal could be filed within 30 days and Hooper's failure to verify the requirements of the law demonstrates attorney malpractice, not excusable neglect under the law of this circuit. Second, although we found in *Houser* that the district court did not abuse its discretion in concluding that excusable neglect had been shown when an incarcerated defendant relied on trial counsel's promise to file a notice of appeal, no case has extended that holding to a person who is not in custody. The district court did not abuse its discretion in refusing to apply *Houser* to a corporation.

AFFIRMED.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth