956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ANNING-JOHNSON CO., Plaintiff-Appellee,
v.
COLISEUM CONSTRUCTION, INC.; Maritza Capous, Defendants-Appellants.
 No. 90-16587.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1992.
Decided Feb. 25, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Anning-Johnson sued the appellant, Coliseum Construction, Inc. ("Coliseum"), to collect on a bond pursuant to the Miller Act. Anning-Johnson also filed a lis pendens against property ostensibly held by the guarantor of the bond. The case was referred to arbitration under the experimental arbitration provisions in place in the Northern District of California. 28 U.S.C. §§ 651-658. The arbitration award was filed on March 13, 1990. Coliseum had until April 12, 1990, to file for a trial de novo in the district court.
 
 
 3
 Coliseum did not file for a trial de novo until April 13, 1990. The demand for a trial de novo was dismissed as untimely. Coliseum requested the district court to both expunge the lis pendens and to relieve Coliseum from the judgment under F.R.C.P. 60(b) and to accept its demand for a trial de novo. The district court ultimately rejected both of these requests. We affirm.
 
 FACTS
 
 4
 Anning-Johnson was a subcontractor to Coliseum, the general contractor on a federal improvement project. Pursuant to the Miller Act, 40 U.S.C. §§ 270a-f, Anning-Johnson sought to recover for breach of contract through a surety bond executed by Maritiza Capous, wife of the president of Coliseum. Anning-Johnson filed a complaint in district court in the Northern District of California and also filed a lis pendens (Notice of Pending Action) under California law on the property securing the payment bond. The property subject to the lis pendens, however, had been transferred from Maritiza Capous to her husband.
 
 
 5
 The case was assigned to arbitration under 28 U.S.C. § 653. On March 13, 1990, a judgment on the arbitration award in favor of Anning-Johnson was filed in the district court. On April 12, 1990, thirty days after the judgment was filed, the Clerk unsealed the judgment and entered it on the docket as a final judgment. The Clerk also notified the parties that the judgment had become final.
 
 
 6
 Coliseum apparently received notice of the filing of the judgment on the arbitration award on March 15, 1990. Coliseum alleges that although the notice it received of the filing of the award indicated the award was filed on March 13, the secretary for Coliseum's counsel calendered the date for filing a "notice of appeal" as April 15, 1990. Coliseum sent a "notice of appeal" to the district court by overnight express on April 12, 1990, which was presumably received by the court on April 13. The arbitration coordinator advised Coliseum that its "notice of appeal" was filed late and would therefore not be accepted.[1]
 
 
 7
 On May 25, 1990, Coliseum moved for leave to file a second request for a trial de novo and to expunge the lis pendens. Coliseum sought relief from the now final judgment on the arbitration award under Fed.R.Civ.P. 60(b). Coliseum argued that it should be excused from the late filing because it relied on Local Rule 500-6(c) of the Northern District of California, which provides: "Entry of judgment on award. Unless a party has filed a demand for trial de novo (or a notice of appeal, which shall be treated as a demand for a trial de novo) within thirty days of notice of the filing of the arbitration award, the clerk shall enter judgment...." Coliseum alleges that it filed its notice of appeal within thirty days of the time it received notice of the filing of the award.
 
 
 8
 The district court granted Coliseum's motion to expunge the lis pendens, but denied the motion for relief from the judgment under Rule 60(b). Upon a motion for reconsideration, however, the court reversed its initial decision on the lis pendens. The court ruled that because the judgment had become final the action was no longer "pending" within the meaning of California law and therefore the court had no jurisdiction to expunge the lis pendens.
 
 
 9
 Coliseum appeals. We do not believe the district court abused its discretion in denying Coliseum's motion for relief from the final judgment on the arbitration award. The question of the expungement of the lis pendens is now moot in light of a subsequent agreement by the parties stipulating to the expungement of the lis pendens. We therefore affirm.
 
 DISCUSSION
 
 10
 I. The District Court Did Not Abuse Its Discretion in Denying Coliseum Relief from the Final Judgment
 
 A. Standard of Review
 
 11
 An order denying relief from judgment under Fed.R.Civ.P. 60(b) is appealable. Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir.1982). The order is reviewed under an abuse of discretion standard. Id.; Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 B. Merits
 
 12
 Coliseum wants to be excused from its late filing of a demand for a trial de novo. Coliseum's argument that Local Rule 500-6(c) allows a demand for a trial de novo to be filed thirty days after notice of filing of the judgment cannot prevail. The arbitration scheme here was established by Congress. 28 U.S.C. § 654 specifically provides that the arbitration award "shall be entered as the judgment of the court after the time has expired for requesting a trial de novo under section 655." Section 655 provides that a demand for trial de novo must be filed "[w]ithin 30 days after the filing of an arbitration award." 28 U.S.C. § 655(a). The judgment becomes final and is not subject to appeal in any other court. 28 U.S.C. § 654(a). Even were we to accept Coliseum's interpretations of the Local Rules, the Local Rules cannot prevail over this federal statute. 28 U.S.C. § 2071(a).
 
 
 13
 Motions for relief from a final judgment under Fed.R.Civ.P. 60(b) should not be granted lightly to allow the consideration of an untimely appeal (or in this case an untimely demand for a trial de novo). See Pryor v. United States Postal Serv., 769 F.2d 281, 286 (5th Cir.1985) ("This Court [sic] has also repeatedly and firmly held that Rule 60(b) cannot be used to extend the time for appeal."). However, there is no provision for requesting relief from a late demand for a trial de novo after an arbitration judgment. Given the newness of the arbitration procedure utilized in this case, we will consider this motion for relief from the judgment as the substantial equivalent of a request for an extension of time to file an appeal for "excusable neglect" under Fed.R.App.P. 4(a)(5).
 
 
 14
 We review a district court's denial of a request for an extension of time to file an appeal for an abuse of discretion. United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990). In the Ninth Circuit, the standard for "excusable neglect" is a strict one. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986). An appellate court "may reverse only if there is no reasonable basis in the record to support the district court's decision." Prairie Pharmacy, 921 F.2d at 212.
 
 
 15
 In this case, we will not overturn the district court. Although Local Rule 500-6(c)'s language about the "filing of notice of the arbitration award" creates some ambiguity,[2] the more specific Local Rule, "Trial de novo," provides: "Time for demand. If either party files and serves a written demand for a trial de novo within thirty days of the entry of judgment on the award...." Local Rule 500-7(a). The statute allowing for a trial de novo clearly specifies the time to file for a trial de novo. 28 U.S.C. § 655(a). Coliseum's counsel should not have relied only upon the collateral language of Rule 500-6(c) without referencing the more specific time limitation provided in the very next rule. Counsel should have checked the statute as well. Moreover, the requirement that the demand for de novo trial be filed within thirty days of the entry of judgment is consistent with the usual rule for appeals. Fed.R.App.P. 4(a). We have held that "mistake of counsel does not constitute excusable neglect."[3] Prairie Pharmacy, 921 F.2d at 213. Given that a late filing of a demand for trial de novo results in the judgment becoming final and unappealable, counsel should have been more diligent.
 
 
 16
 Coliseum also argues that its counsel's secretary calendered the filing of the "notice of appeal" in error as thirty days from the time counsel received notice of entry of judgment. We have previously held that even mistake of counsel "attributable to office staff" is not excusable neglect. Alaska Limestone, 799 F.2d at 1412. It is also not clear why the secretary should be relied upon to interpret the time within which a demand for a trial de novo should be filed.
 
 
 17
 Lastly, Coliseum argues that there is no indication in the record of when the court gave notice of the filing of the award. Coliseum admits, however, that it "received notice on March 15, 1990." This notice included the date upon which the arbitration award was filed. Coliseum had the facts from which to know when to timely file a demand for de novo trial. In fact, we have said that, "A party has an independent duty to keep informed and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time." Id. at 1412. Here it is apparent that the clerk did notify the parties of the entry of judgment, and any alleged confusion over the exact date does not help Coliseum.
 
 
 18
 It was not an abuse of discretion for the district court to refuse to relieve Coliseum of the consequences of the failure to file a timely demand for a trial de novo.
 
 
 19
 II. The Appeal of the Ruling on the Motion To Expunge the Lis Pendens Is Now Moot
 
 
 20
 Subsequent to the appeal, the parties entered into a stipulation providing for the release of the lis pendens. "If events subsequent to the filing of an appeal moot the issues presented in a case, no justiciable controversy is presented." Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir.1989) (citations omitted). In this case, since the lis pendens has been expunged by the actions of the parties, there is no "present live controversy." Id. We would only be issuing an advisory opinion. Therefore, this issue is moot.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The "notice of appeal," although filed after the time to appeal a judgment (Fed.R.App.P. 4(a)), subsequently was filed with the court of appeals. This appeal was dismissed as untimely and for lack of jurisdiction. Order of Nov. 6, 1990, case No. 90.15825
 
 
 [2]
 This Local Rule apparently is still in effect now. Given the ambiguity caused by the Rule, and its variance from the Congressional statute, we suggest that the Northern District of California consider amending this Rule to prevent a similar problem in the future
 
 
 [3]
 See also Prairie Pharmacy, 921 F.2d at 214 ("failure to verify the requirements of the law demonstrates attorney malpractice, not excusable neglect under the law of this circuit")