972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fabian Ezquiel GONZALEZ, Defendant-Appellant.
 No. 91-50525.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fabian Ezquiel Gonzalez appeals pro se the district court's denial of his request for a 30-day extension of time to file his notice of appeal. Gonzalez contends that the district court failed to determine if there was excusable neglect justifying an extension of time to file the appeal under Fed.R.App.P. 4(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Rule 4(b) provides that a notice of appeal in a criminal case must be filed within ten days after entry of the judgment or order appealed from. Fed.R.App.P. 4(b). Rule 4(b) also provides in relevant part:
 
 
 4
 Upon a showing of excusable neglect, the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 
 
 5
 Id. The timely filing of an appeal is essential to the jurisdiction of this court. See, e.g., United States v. Avendano-Camacho, 786 F.2d 1392, 1394-95 (9th Cir.1986).
 
 
 6
 The district court's determination regarding excusable neglect is reviewed for abuse of discretion. United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990). "A court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally base its decision." Id. "Because of the special importance of providing criminal defendants an opportunity to appeal, ... we will review more searchingly a district court's finding of no excusable neglect in a criminal appeal. Id. at 213. "Excusable neglect is shown when the appellant has done 'all he could do under the circumstances' to perfect an appeal within the time prescribed by the rules." United States v. Houser, 804 F.2d 565, 569 (9th Cir.1986) (quoting United States v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir.1986)). Miscommunication and mistakes of counsel do not constitute excusable neglect. See Prairie Pharmacy, Inc., 921 F.2d at 213 (citing Pratt v. McCarthy, 850 F.2d 590, 591 (9th Cir.1988)).
 
 
 7
 Here, in his declaration in support of the request for a 30-day extension to file an appeal, Gonzalez' counsel stated that (1) Gonzalez informed him that he wished to appeal after expiration of the 10-day period for filing an appeal; (2) an appeal was not filed within the 10-day period because Gonzalez had waived his right to appeal as part of a plea agreement; (3) Gonzalez was unable to properly assist in the appeal because of "organic brain disfunction;" and (4) the failure to timely file an appeal was due to counsel's excusable neglect and due to miscommunication between counsel and Gonzalez.
 
 
 8
 Although the Federal Rules "are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances," Fallen v. United States, 378 U.S. 139, 144 (1964), these circumstances do not demonstrate excusable neglect. The record indicates that Gonzalez knowingly waived his right to appeal his conviction and sentence. Counsel's reliance on this waiver in failing to make any attempt to file a timely appeal, together with any miscommunication between counsel and Gonzalez, are insufficient to constitute excusable neglect. See Prairie Pharmacy, Inc., 921 F.2d at 213. Accordingly, the district court did not abuse its discretion by denying Gonzalez' request for a 30-day extension to file an appeal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3