976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Norma J. HURT, Debtor.
SUNWAY SYSTEMS, INC., Appellant,
v.
NEVADA-WEST SYSTEMS, INC.; Zero, Inc.; Kachine Plywood,
Inc.; Robertson Wood Products, Inc.; Intermountain Wood
Products, Inc.; Canco, Inc.; Milton G. Pace; B. Spain;
Perco, Ins.; Norma J. Hurt, Appellees.
 No. 91-16883.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 18, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sunway Systems, Inc. ("Sunway") appeals the Bankruptcy Appellate Panel's (BAP) denial of its Fed.R.Civ.P. 60(b) motion to set aside the BAP's dismissal of its appeal. The BAP dismissed Sunway's appeal for failure to prosecute based on Sunway's failure to file a response to the BAP's order to show cause why the appeal should not be dismissed as untimely. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we reverse and remand.
 
 
 3
 * Background
 
 
 4
 On April 16, 1990, Sunway filed its notice of appeal from the bankruptcy court's judgment entered April 3, 1990. On June 14, 1990, the BAP issued a "Notice of Deficient Appeal and Possible Dismissal" to Sunway. In the notice, the BAP indicated that Sunway's appeal appeared to be untimely because it was filed more than 10 days after the judgment was entered. The BAP ordered Sunway to respond within 20 days with legal cause why the appeal should not be dismissed as untimely.
 
 
 5
 It is undisputed by the parties that Sunway's appeal was timely under Bankruptcy Rule 8002(a) because it was filed within 10 days of a timely appeal by another party. See Bankr.R. 8002(a).[1] Moreover, Sunway's attorney contends that he prepared a timely response to the BAP's notice, but that through an office oversight, it was inadvertently delivered to the Arizona Bankruptcy Court rather than to the BAP. As proof that it was sent to the Bankruptcy Court within the 20-day period for filing a response with the BAP, Sunway submits a coversheet from Sunway's messenger service captioned "Response to Notice of Deficient Appeal and Possible Dismissal" stamped dated as received on June 22, 1990 by the Arizona Bankruptcy Court. The Arizona Bankruptcy Court docket sheet, however, does not indicate that any such document was ever filed or lodged on that date. Sunway speculates that the response was forwarded to the BAP, but was somehow lost in transit or misfiled. The BAP docket sheet does not indicate that any such response was ever received or filed. Approximately one year later, the BAP dismissed Sunway's appeal for failure to prosecute because no timely response was received. Sunway sought to reinstate the appeal in a motion to set aside the dismissal pursuant to Fed.R.Civ.P. 60(a) & (b)(1), (6), but the BAP denied the motion.
 
 II
 Standard of Review
 
 6
 We review a denial of a motion to reconsider for an abuse of discretion. Redfield v. Insurance Co. of N. America, 940 F.2d 542, 544 (9th Cir.1991); Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985).
 
 III
 Merits
 
 7
 Rule 60(a) allows the court to correct clerical mistakes. See Fed.R.Civ.P. 60(a). Here, Sunway has failed to show that the BAP committed any clerical error warranting Rule 60(a) relief. Sunway concedes that it never filed its response with the BAP. Moreover, even if we were to assume that Sunway timely submitted its response to the Arizona Bankruptcy Court, Sunway has cited no authority which would require the Arizona Bankruptcy Court to forward the response to the BAP, let alone provide the basis for Rule 60(a) relief if the court was unsuccessful in doing so. Given these circumstances, the BAP did not abuse its discretion by finding that Rule 60(a) does not provide a basis for relief.
 
 
 8
 A motion to reconsider may be brought under Rule 60(b) if the moving party can show "(1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from operation of judgment." Fed.R.Civ.P. 60(b)(1) & (6). A Rule 60(b)(6) motion requires a showing of "extraordinary circumstances" and must be for some reason other than the five reasons preceding it under the Rule. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985); LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir.1986). We have held that "mistake of counsel does not constitute excusable neglect." United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 213 (9th Cir.1991). Moreover, mistakes of counsel "attributable to office staff" are not excusable neglect. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.1986).
 
 
 9
 Here, Sunway's counsel contends that--through a mistake attributable to his office staff--the response was mistakenly delivered to the Arizona Bankruptcy Court rather than to the BAP. The Arizona Bankruptcy Court has no record of receiving the response. Even if we were to assume that the response was mistakenly submitted to the Arizona Bankruptcy Court, Sunway's mistaken delivery of the response does not constitute excusable neglect. Prairie Pharmacy, 921 F.2d at 213; Alaska Limestone Corp., 799 F.2d at 1412; see also Smith v. Stone, 308 F.2d 15, 18 (9th Cir.1962) (attorney's failure to follow court rules is not excusable neglect under Rule 60(b)); Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir.1986) ("[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)").
 
 
 10
 It is clear from the record, however, that Sunway's appeal was timely. Moreover, Sunway has offered probative evidence in the form of counsel's affidavit and the transmittal cover sheet from the messenger service bearing the file stamp of the Arizona Bankruptcy Court that it timely responded to the BAP's order albeit to the wrong court. In addition, once Sunway learned that its response had not been received by the BAP, it quickly responded with its motion to set aside the summary dismissal. Given these circumstances, Sunway has demonstrated "extraordinary circumstances" which warrant reinstatement of the appeal pursuant to Rule 60(b)(6). See Backlund, 778 F.2d at 1388.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bankruptcy Rule 8002(a) requires that a notice of appeal "be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." See Bankr.R. 8002(a). The timely filing of a notice of appeal is jurisdictional. Allustiarte v. Hauser (In re Allustiarte), 848 F.2d 116, 117 (9th Cir.1988) (quoting Greene v. United States (In re Souza), 795 F.2d 855, 857 (9th Cir.1986)). Bankruptcy Rule 8002(a), however, also provides that "[i]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed...." See Bankr.R. 8002(a)