981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael K. STIRN, Defendant-Appellant.
 No. 92-30025.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 11, 1992.
 
 Before WALLACE, Chief Judge, EUGENE A. WRIGHT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following a conditional plea of guilty for manufacturing marijuana plants in violation of 21 U.S.C. § 841(a)(1), Michael K. Stirn appeals the district court's denial of his motion to reconsider the denial of his motion for an extension of time to file a notice of appeal. Stirn filed his original notice four days after the time for filing a notice of appeal had expired. Stirn contends the district court erred because "excusable neglect" justified an extension of time to file his appeal under Federal Rule of Appellate Procedure 4(b).
 
 
 3
 We affirm.
 
 Analysis
 
 4
 We review for abuse of discretion a district court's determination regarding excusable neglect. United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990). We may reverse "only if there is no reasonable basis in the record to support the district court's decision. '[W]e cannot simply substitute our judgment for that of the district court....' " Id. (quoting United States v. BNS, Inc., 858 F.2d 456, 464 (9th Cir.1988)).
 
 
 5
 A notice of appeal in a criminal case must be filed within ten days following the entry of judgment. Fed.R.App.P. 4(b). If a criminal defendant, however, fails to file a notice of appeal within ten days, Rule 4(b) provides that:
 
 
 6
 [u]pon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 
 
 7
 Fed.R.App.P. 4(b). An extension of time will be granted only in " 'extraordinary cases where injustice would otherwise result.' " Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986) (per curiam) (quoting Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir.1982)).
 
 
 8
 The motion for an extension of time was based on the affidavit of a second-year law student who claimed he was responsible for the failure to appeal because he misunderstood the communication of his employer, Mr. Stiley, who was Stirn's attorney at the time. However, we have held that "[i]nadvertence or mistake of counsel, including that attributable to office staff, does not constitute excusable neglect under this standard." Id.; accord United States v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir.1986).
 
 
 9
 The motion for reconsideration, filed by Stirn's new counsel, Charles Dorn, has an attached affidavit that avers, among other things, that Stirn's wife was told that he had a right to file a notice of appeal prior to ten days before expiration of that right, and that either Stiley or Dorn could represent him on appeal, but that Stirn needed to advise counsel which attorney he wanted to file the notice. The record does not reflect that Stirn ever indicated a preference. The record does reflect that Stirn was well aware of his right to appeal because of the conditions of the plea agreement. To the extent that either attorney neglected to file a notice of appeal, there was no basis for the district court to find their inaction excusable. See Alaska Limestone, 799 F.2d at 1411. In any case, the record reflects that Stiley thought it was the responsibility of his office to file the notice.
 
 
 10
 Stirn next contends the district court erred by not extending the time for filing his notice of appeal because he was not advised of his right to appeal pursuant to Federal Rule of Criminal Procedure 32(a)(2) at the sentencing hearing. Rule 32 provides in relevant part that:
 
 
 11
 [a]fter imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal, including any right to appeal the sentence.... There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence.
 
 
 12
 Fed.R.Crim.P. 32(a)(2) (emphasis added).
 
 
 13
 The district court noted that it did not instruct Stirn on his right to appeal the sentence pursuant to Rule 32(a)(2). No. CR-91-052-JLQ, Reporter's Transcript of Hearing of December 12, 1991, at 23.[1] Nevertheless, there is no indication Stirn intended to appeal his sentence in either the motion to extend the time to file a notice of appeal, the motion for reconsideration, or at the hearing on December 12, 1991. The only indication is that Stirn wished to appeal the denial of a pre-trial motion to suppress. A court has no duty to instruct a defendant on a right of appeal of such a motion where there has been no trial. See Ballinger v. United States, 470 F.2d 739, 740 (9th Cir.1972) (per curiam). Therefore, the district court did not abuse its discretion in concluding there was no excusable neglect in failing to file the notice of appeal.
 
 
 14
 Stirn contends the plea agreement did not contain information concerning the requirements for a timely appeal. Stirn cites no authority to support his contention that a plea agreement must contain information regarding procedural limitations for a timely appeal. Accordingly, we reject this meritless contention.
 
 
 15
 Finally, Stirn appears to contend he was unsure which attorney was representing him on appeal and that this caused the notice of appeal to be filed outside the ten day limit. We decline to address this contention. Stirn did not raise it below. See United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991) (generally this court will not consider an issue raised for the first time on appeal).
 
 
 16
 Because none of Stirn's contentions has merit, we reject the argument that together they "form an extraordinary circumstance." Our review of the record shows there was a reasonable basis for the district's finding of no excusable neglect. See Prairie Pharmacy, 921 F.2d at 212. The district court did not abuse its discretion by denying Stirn's motion for an extension of time to file his appeal.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government concedes that the district court failed to advise Stirn of his right to appeal his sentence. Nonetheless, the government argues that this was harmless error because Stirn never expressed a desire to appeal his sentence, only the adverse suppression ruling
 We need not reach the issue of harmless error. The question is whether the district court abused its discretion, not whether there was harmless error.