5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carl W. GILMORE, Defendant-Appellant.
 No. 92-10628.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 16, 1993.
 
 Appeal from the United States District Court, for the District of Arizona, D.C. No. CR-91-00468-JMR; John M. Roll, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Gilmore attempts to appeal from his sentence following entry of a guilty plea to two counts of a 13-count mail fraud indictment, arguing that the impropriety of the sentence he received required the district court to accept for filing Gilmore's admittedly untimely notice of appeal. We reject Gilmore's contentions and affirm.
 
 
 3
 A notice of appeal in a criminal case must be filed within 10 days of the entry of judgment. Fed.R.App.P. 4(b). A district court may extend the 10-day time limit upon a showing of excusable neglect. Id. Gilmore filed his notice of appeal more than 10, but less than 40, days after entry of judgment. See Brannan v. United States, 993 F.2d 709, 710 (9th Cir.1993) (per curiam) (notice of appeal filed more than 10, but less than 40, days after entry of judgment required determination whether excusable neglect warranted accepting late notice for filing). The district court found that no excusable neglect existed to justify Gilmore's late filing. We review that decision for an abuse of discretion. See United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990).
 
 
 4
 Gilmore argues that the district court's failure to advise him of the right to appeal from his sentence constituted both a violation of Fed.R.Crim.P. 32(a)(2) and an adequate showing of excusable neglect for the untimely filing. We reject this contention. Gilmore expressly waived, both in writing and in open court, the right to appeal not only from his conviction but from his sentence as well. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). It can hardly be said that the district court erred by failing to tell Gilmore of a right that he did not have.
 
 
 5
 Gilmore attempts to get around his own waiver by contending that the restitution part of his sentence vitiated the plea agreement. See Fed.R.Crim.P. 11(c)(1). This argument is also meritless. The plea agreement not only included a recommended sentence of 27 months' incarceration, but further noted that Gilmore was subject to (1) a maximum term of imprisonment of five years, (2) a fine of $250,000, and (3) expressly provided that "the Court shall order the defendant to make restitution to any victim of the offense[.]" The district court carefully questioned Gilmore about his understanding of the plea agreement before sentencing him to 27 months in prison and ordering him to pay restitution in an amount substantially below what it could have imposed as a fine.
 
 
 6
 In light of the above, we find no abuse of the district court's discretion in finding an absence of excusable neglect warranting the untimely notice of appeal. See Prairie Pharmacy, 921 F.2d at 212.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3