34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier PEREZ-RAMIREZ, Defendant-Appellant.
 No. 93-30292.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Perez-Ramirez appeals the district court's order finding that no excusable neglect existed for his untimely notice of appeal. We review the district court's decision concerning excusable neglect for an abuse of discretion. United States v. Prairie Pharmacy, 921 F.2d 211, 212 (9th Cir.1990). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Perez-Ramirez did not file a notice of appeal within ten days of his re-sentencing order as required by Fed.R.App.P. 4(b). See Fed.R.App.P. 4(b). Nonetheless, he contends that the notice of appeal should be deemed timely because of excusable neglect in filing the late notice of appeal. This contention lacks merit.
 
 
 4
 "In a criminal case, the district court has discretion under Rule 4(b) to grant an extension of time upon finding excusable neglect." Prairie Pharmacy, 921 F.2d at 212. Rule 4(b) provides in relevant part: "Upon a showing of excusable neglect the district court may ... extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Fed.R.App.P. 4(b). "A court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally base its decision." Prairie Pharmacy, 921 F.2d at 212. Because of the special importance of providing criminal defendants with an opportunity to appeal, this court reviews "more searchingly a district court's finding of no excusable neglect in a criminal appeal." Id. at 213.
 
 
 5
 Perez-Ramirez argues, based on the following circumstances, that there was excusable neglect in failing to file the notice of appeal within the ten-day period. We disagree.
 
 
 6
 Counsel asked Perez-Ramirez if he wished to appeal immediately after re-sentencing. Perez-Ramirez told counsel that he did not wish to appeal. Perez-Ramirez also expressed some confusion about what happened at the sentencing hearing. Counsel again attempted to ask Perez-Ramirez whether he wished to file a notice of appeal before the expiration of the ten-day period. However, Perez-Ramirez had been transferred out of the Eastern District of Washington. Counsel made an inquiry of Perez-Ramirez's sister, as to whether he wanted to file a notice of appeal. She indicated that he did not want to file the appeal. However, on June 1, 1993, after the time for filing a notice of appeal had expired, Perez-Ramirez advised his attorney that he wished to file an appeal. The notice of appeal was then filed.
 
 
 7
 The district court reviewed these circumstances, and found that the delay in filing was not due to excusable neglect, citing the following reasons. Perez-Ramirez never moved for an extension of time to file the notice of appeal. He did not indicate a desire to appeal when he and counsel discussed the issue immediately after sentencing. Further, Perez-Ramirez failed to assert that he did not understand counsel's advice that he had ten days to appeal. Finally, the district court stated, there is nothing in the record to indicate that Perez-Ramirez attempted to contact counsel during the ten-day period. Thus, the district court concluded that Perez-Ramirez's failure to timely appeal was not due to any neglect, but instead to Perez-Ramirez's own failure to pursue his rights. The district court did not base its decision on an erroneous conclusion of law, and the record contains ample evidence on which the district court could rationally base its decision. See id. at 212. Accordingly, the district court did not abuse its discretion in its finding of no excusable neglect. See id. at 212-13.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3