36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dan E. GIBSON, Defendant-Appellant.
 Nos. 92-3279, 93-3305.
 United States Court of Appeals, Tenth Circuit.
 Sept. 23, 1994.
 
 Before SEYMOUR, Chief Judge, and McKAY and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Dan E. Gibson was convicted of conspiracy to defraud the United States in violation of 18 U.S.C. 371. At trial he waived his right to counsel and acted pro se. The final judgment was entered by the district court on July 17, 1992. Defendant's pro se notice of appeal was filed four days after the ten-day appeal time set forth in Fed. R.App. P. 4(b) expired. Therefore, defendant's appeal No. 92-3279 was untimely. Compliance with the filing requirements is mandatory and jurisdictional, and we have no jurisdiction to consider this appeal unless the late filing, within the thirty-day permissible extension period of Rule 4(b), was a result of excusable neglect. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978); United States v. Robinson, 361 U.S. 220, 224, 229 (1960).
 
 
 3
 This court partially remanded to the district court for a determination whether defendant's failure to timely appeal was attributable to excusable neglect. In such a proceeding defendant has the burden of establishing a sufficient reason for his failure to comply with the filing requirements. United States v. Lucas, 597 F.2d 243, 245 (10th Cir.1979). After an evidentiary hearing the district court found that defendant's failure was not due to excusable neglect but his erroneous reliance upon an inapplicable federal rule of criminal procedure. It specifically found that defendant did not rely upon misinformation from standby counsel. Defendant filed a timely appeal of the district court's finding of no excusable neglect (No. 93-3305).
 
 
 4
 We review a district court's determination of the presence or absence of excusable neglect for late filing under an abuse of discretion standard. Buckley v. United States, 382 F.2d 611, 614 (10th Cir.1967), cert. denied, 390 U.S. 997 (1968). See also United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990) (abuse of discretion occurs when district court "bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally base its decision"). We have reviewed the record and are satisfied that the district court did not abuse its discretion in making its no excusable neglect finding. Therefore we are without jurisdiction to consider defendant's appeal of his conviction for conspiracy.[2]
 
 
 5
 APPEAL DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We know not whether defendant could raise any claim of error in the trial of his case unique to him, because the merits of his attempted direct appeal were not briefed. But we note that we have this day affirmed the appeals of seven codefendants tried with him, rejecting numerous claims of error in the trial. See United States v. Scott (No. 92-3175, et al. September 1994)