87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Masaru ONO, Defendant-Appellant.
 No. 95-50099.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Paul Masuru Ono appeals pro se the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to modify his term of imprisonment. Ono contends that his appeal should not be dismissed because excusable neglect justified the late filing of the notice of appeal. See Fed.R.App.P. 4(b). We review for abuse of discretion the district court's determination that Ono failed to show excusable neglect. United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990). We dismiss for lack of jurisdiction.
 
 
 3
 We previously remanded this case to the district court to permit that court to determine if excusable neglect existed for the late filing of the notice of appeal. See United States v. Ono, 72 F.3d 101, 103 (9th Cir.1995). The district court ordered Ono to show, if he was able, that excusable neglect existed for the late filing of the notice of appeal. The district court stated in its order, "If no timely showing is filed by [Ono], the court shall assume that no showing of excusable neglect can be made." Ono did not respond to the order. The district court therefore found that no excusable neglect existed for the late notice of appeal.
 
 
 4
 Ono claims on appeal that he thought he had sixty days in which to file the notice of appeal because he assumed that a 18 U.S.C. § 3582(c)(2) motion was similar to a 28 U.S.C. § 2255 motion. He also contends that, until this court served him with an order to show cause containing a citation to Prairie Pharmacy, he did not know what excusable neglect meant, and therefore "could not answer any questions concerning excusable neglect."
 
 
 5
 His contentions come too late. He should have presented these claims to the district court, and he gives no convincing reason why he could not have done so. In light of Ono's complete failure to respond to the district court's order, the district court did not abuse its discretion by determining that excusable neglect did exist for the late notice of appeal. See Prairie Pharmacy, Inc., 921 F.2d at 212. Even if we assume that Ono's claims constituted excusable neglect, we lack the power to extend the time to file a notice of appeal. See Fed.R.App.P. 26(b). We therefore dismiss this appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3