98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenda Lee McCRACKEN, Defendant-Appellant.
 No. 95-30389.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glenda Lee McCracken appeals the district court's denial of her motion to extend the time for filing her notice of appeal due to excusable neglect, following the denial of her 18 U.S.C. § 3582(c)(2) motion. McCracken contends the district court abused its discretion by denying the motion for an extension of time. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir.1990), and affirm.
 
 
 3
 The district court may grant an extension of time under Fed.R.App.P. 4(b) to file the notice of appeal if it finds excusable neglect for failing to file a timely notice of appeal. See id. "[W]e will review more searchingly a district court's finding of no excusable neglect in a criminal appeal [than in a civil appeal]." Id. at 213. We may reverse if the district court based its decision on an erroneous conclusion of law or if there is no reasonable basis in the record to support the decision. Id. at 212; cf. Marx v. Loral Corp., 87 F.3d 1049, 1054 (9th Cir.1996) (finding of excusable neglect under Fed.R.App.P. 4(a) reversed only where district court commits clear error of judgment).
 
 
 4
 The district court's order denying the 18 U.S.C. § 3582(c)(2) motion was entered on the clerk's docket on November 22, 1995. The last day for filing a timely notice of appeal was December 4, 1995. See Fed.R.App.P. 4(b), 26(a). According to an affidavit filed in the district court, McCracken's attorney mailed the order to McCracken for her review on November 21, 1995. McCracken telephoned her attorney on December 5, 1995, stating that she wished to appeal the order. She stated that she received the order on December 1, 1995. McCracken's attorney filed a motion for an extension of time to file the notice of appeal on December 5, 1995.
 
 
 5
 The district court denied the motion for an extension of time. Citing Fed.R.App.P. 4(b), the district court first noted that it could extend the time for filing the notice of appeal if excusable neglect existed. The court then stated that it "is not inclined to extend the time for filing a notice of appeal" because the order that the defendant intends to appeal involves a discretionary decision by the district court not to reduce her sentence.
 
 
 6
 The district court did not base its decision on an incorrect conclusion of law. See Prairie Pharmacy, Inc., 921 F.2d at 212. The district court recognized its power to extend the time for filing the notice of appeal if it found excusable neglect. Apparently finding excusable neglect, the district court declined to extend the time for filing the notice of appeal because the appeal appeared to be without merit. The district court did not commit an abuse of discretion. See id.
 
 
 7
 However, even if we interpret the district court's order to mean that it did not find excusable neglect, no abuse of discretion appears. McCracken received a copy of the court order several days before the notice of appeal had to be filed. She called her attorney one day after the notice of appeal should have been filed. No reason is given why she waited, and nothing in the record shows that she was unable to communicate with her attorney before she did. Cf. United States v. Smith, 60 F.3d 595, 596 (9th Cir.1995) (attorney's difficulty in locating defendant excuses delay in filing notice of appeal); Prairie Pharmacy, Inc., 921 F.2d at 214 (stating that excusable neglect may be shown by inability of appellant to communicate with attorney). The district court did not abuse its discretion by failing to grant McCracken's motion to extend the time for filing the notice of appeal. See Prairie Pharmacy, 921 F.2d at 213.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3