**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35865 |
| Plaintiff-Appellee, | D.C. Nos.  3:18-cv-00023-SLG |
| v. | 3:16-cr-00056-SLG-1 |
| RODNEY JESSE ANDERSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted June 11, 2019[**]

Before:     CANBY, GRABER, and MURGUIA, Circuit Judges.

Rodney Jesse Anderson appeals pro se from the district court's order

denying his post-judgment motion to accept the late filing of a notice of appeal of

the June 9, 2017, criminal judgment of conviction.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Anderson contends that the district court erred by failing to accept his notice of appeal as timely filed. Anderson filed his pro se notice of appeal on August 23, 2018, over a year after his judgment of conviction was entered. He requested that the district court treat the notice of appeal as timely filed on June 14, 2017, contending that he had placed a previous notice of appeal in the prison mailbox on that date. The district court denied the request on the ground that Anderson had clearly indicated in a previous filing that he had not appealed from the judgment of conviction. The district court did not abuse its discretion in denying the motion because, on this record, Anderson has not demonstrated that he did "all he could do under the circumstances" to file a timely notice of appeal. *See United States v. Houser*, 804 F.2d 565, 569 (9th Cir. 1986); *see also United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 212 (9th Cir. 1990) ("[W]e may reverse only if there is no reasonable basis in the record to support the district court's decision.").

Anderson's request for appointment of counsel is denied.

**AFFIRMED.**